## CLARKE v. THE STATE.

1. The office of a physician, where he exhibited his medicines, received professional calls at all times, and being unmarried, ate, and slept, is not a public place, within the statute against gaming, the playing being at night, with closed doors, and a few friends present by invitation.

Novel and difficult question from the Circuit Court of Pickens.

SAMUEL Clark was indicted for playing at cards, in a public place. The evidence was, that the playing took place in the office of a physician, where he exhibited his medicines, received professional calls at all times, and being an unmarried man, where he also ate, and slept. The playing was at night, with closed doors : only a few friends were present, by invitation. The court held this was a public place, within the meaning of the statute, but reserved the question as one of novelty and difficulty.

ATTORNEY-GENERAL, for the State.
HUNTINGTON, contra.

ORMOND, J.—I incline to the opinion, that the evidence described such a public place, as is within the meaning of the act. The terms, " or any other public place," employed in the statute, were designed by the legislature to include every place, where people are privileged to go without an invitation ; or in other words, if it is not a private house, it is a public place ; although, no doubt even a private house might become a public place, if upon a particular occasion, a general invitation was given to the public to meet there. The mischief designed to be prevented, was the exposure of the practice of gaming, or playing at games of chance, to indiscriminate observation, by which the young, and unwary might be led to engage in it, and it appears to me, this would apply to the office of a professional man, in a town, or village. It would not vary the case, that he being unmarried, it was also used as an eating, or sleeping apartment. But my brethren think, that although such might be its character in the day time, it could not be considered a public place at night, when the doors were closed, and those present were there by invitation :—That it must then be considered his private dwelling. It results from this, that the court erred, and its judgment must be reversed.

COLLIER, C. J.—Whether the office of a physician or lawyer, at a time when it is impossible for all persons to enter at pleasure, is a *public house*, is not a material inquiry in this case. I am willing, however, to concede that such is its character. But if such person invites a few friends to his office, either in the *day-time* or *night*, and closes the door so as to exclude all others, that he may spend a social hour at *cards*, or *dice*, with these friends, it ceases to be a *public place*, within the meaning of the statute on which the indictment is founded.