## COLEMAN v. THE STATE.

1. A steamboat, employed in carrying passengers and freight, is a public place, within the meaning of the statute against unlawful gaming.

Before the Hon. S. Chapman.

· THE plaintiff in error was indicted, in the circuit court of Pickens county, for playing a game at cards. The indictment contains several counts—one for playing cards at a public place, another for playing cards at a place where spiritous liquors were retailed. There were other counts, not necessary to be noticed. On the trial of the cause, a bill of exceptions was taken to the charge of the court, which presents the following facts: The playing took place on a steamboat, on the Tombeckbee river, in the county of Pickens. The boat plied between Mobile and Pickensville, carrying freight and passengers. That spiritous liquors were retailed at the bar of the boat. That at the time of the playing there were passengers on board, and that spiritous liquors were retailed during the time of playing. The counsel of the plaintiff in error requested the court to charge the jury, that the playing did not take place at a public place, or at a place where spiritous liquors were retailed, within the meaning of the act prohibiting gaming, which the court refused, and charged the contrary to be the law. The plaintiff was convicted, and judgment thereon being rendered, a writ of error is prosecuted to this court.

This cause was submitted without argument, by HUNTINGTON, for plaintiff in error.

DARGAN, J.—The language of the statute on which this indictment is founded, is, "if any person shall play at any tavern, or inn, or storehouse for retailing spiritous liquors, or house or place where spiritous liquors are retailed, or given away, or any public house or highway, or at any other public place, or at any outhouse where people resort, at any game or games, with cards, or dice, &c. such person, so offending, shall on conviction be fined, &c.

The object of this statute is, to prevent the vice of gaming at the places specified in it, in order to suppress its evil influence upon the public morals; and the only question is, was the gaming at a place prohibited by the statute? A steamboat employed in carrying passengers and freight, is certainly a public place; and if spiritous liquors are retailed at the bar of the boat, it would be nonsense to say it was not a place

where spiritous liquors are retailed. The playing in this case, was at a place designed to be prohibited, and by express words is prohibited by the statute. The charge of the court was therefore correct, and the judgment is affirmed.