## BUSH et al. *vs.* THE STATE.

1. Where a specific term in a statute is followed by one of more comprehensive meaning, an indictment for the offence, designated by the more definite term, must be equally specific in charging it.

2. Where, therefore, a party, indicted under the statute against gaming, is charged with playing cards "at a public place," proof of his playing in "a public highway" does not support the charge, as laid in the indictment, and will not authorise a conviction.

ERROR to the Circuit Court of Fayette. Tried before the Hon. Sam'l Chapman.

REAVIS, for the plaintiffs in error.

ATTORNEY GENERAL, for the State.

DARGAN, C. J.—The defendants below were indicted for playing cards *at a public place.* The evidence showed that the playing took place on the side of a public road. The court instructed the jury, that playing by the public road side was playing at a public place, within the meaning of the statute, to which charge the defendants excepted.

The statute, under which the indictment is framed, is in the following language : " If any *person* shall play at any tavern, inn, store house, for retailing spirituous liquors, or house or place where spirituous liquors are retailed, or given away, *or any public house,* or *highway,* or any other public place, or at any outhouse where people resort, with cards or dice, such person so offending, shall, on conviction thereof, be fined," &c.—Clay's Dig. 432.

The question raised by the plaintiffs in error, is, that the evidence does not support the charge, as laid in the bill of indictment. In the case of Plunket v. The State, 2 Stew. 11, the defendant was indicted for stealing a horse, but the evidence showed that the animal stolen was a gelding. This court held that he could not be convicted, as the statute, under which he was indicted, was that, if any person do feloniously take or steal any horse, mare, or gelding, &c. It was said in that case that when a generic term, used in a statute, is followed by one more definite in its meaning, it is necessary in an indictment, founded on the act, to use the more definite term; that if the act had used the general term, horse, alone, then evidence that the prisoner had stolen a *gelding* would have been *sufficient;* but as the statute had particularized and defined other objects, it was necessary to be equally specific in framing the indictment. This decision seems to be sustained by the English cases—see the authorities refered to in that case, and also in Rex v. Beaney, 1 Russ. & Ry. Crown Cases, 416. Applying the rule recognised by these authorities to the case before us, we are constrained to hold that the court erred. Here the statute uses the term, *public highway, or any other public place.* A public place is a general term, and if that alone had been used in the statute, proof that the playing was in the highway would have sustained the charge in the indictment. But, as the act uses the more definite term, highway, the pleader should also use this term, when the offence was committed in a public road; and if he do not, but uses the more general term, he cannot give in evidence a violation of the statute in a public highway. I confess, however, that I am yielding to authority, without being able to see clearly the reasons, on which the decisions are based, but so the law is settled, and we must abide by it.

The court erred in the instructions given to the jury, and the judgment must be reversed and the cause remanded.