## MILLS *vs.* THE STATE.

1. A neighborhood road is a "public place" within the statute against gaming, it being shown that the playing took place near an assemblage of persons, some of whom were looking on at the playing, and others passing about at the time.

2. The term "highway," as used in the statute against gaming, means a public

road, one dedicated to, and kept up by the public, as contra-distniguished from a private way or a neighborhood road.

ERROR to the Circuit Court of Marion.

Tried before the Hon. Turner Reavis.

W. S. EARNEST, for plaintiff in error:

1. The dwelling house of Whitehead would not have been a public place under the statute. The place where the playing took place was on his premises, and as much under his control as his own house, and the playing was with his permission. A private lane leading to a man's house is not a public place, especially at night. The case of The State v. Campbell, 4 Ala. Rep. 369, does not cover this case. The case of Clarke v. The State, 12 Ala. Rep. 492, is more in point.

2. A private house can only become obnoxious to our statute, by being resorted to for the purpose of gaming.

M. A. BALDWIN, Attorney General, for the State:

1. Where the facts are clear and undisputed, the court may charge directly upon them, without hypothesis. 13 Ala. Rep. 713; 16 ib. 318.

2. The place where the playing took place was made public, by the assemblage of persons who came to assist Whitehead. This is a much stronger case for the State than Campbell's case, in 17 Ala. Rep. 369.

3. The place was public for another reason. It was a neighborhood road. Any place to, or along which the public have a right to go, is a public place. Clarke v. State, 12 Ala. Rep. 492; Roquemore v. The State, 19 ib. 528. This case does not fall within the rule laid down in Bush's case, 18 Ala. Rep. 415, for the playing, though in a neighborhood road, was not in a highway.

CHILTON, J.—This was an indictment against the defendant, Mills, for gaming, playing cards at "a public place."

The court charged the jury that, if they believed the evidence, they must find the defendant guilty. This renders it necessary that we should set out the evidence, which is shown by a bill of exceptions as follows:

Several neighbors were invited to assist one Whitehead in shucking his corn. After they had finished, the defendant and one Anthony made up a fire outside of the yard, but within a few steps of the fence, in a lane leading to the house, and there engaged in playing cards. It appears that some little boys were playing at marbles by the same light, while four or five persons were standing around, and some passing about. Whitehead, who was introduced by the defendant, testified that he refused to let them play in the house, but gave his permission to let the defendant play where he did; that said lane was a neighborhood road leading to his house, and that the playing took place some time in the night.

The question in the court below, and that which is made here, as involving the sufficiency of this evidence, conceding it to be true, is, does it show that the playing was at such a public place as is contemplated by the statute?

The statute inhibits the playing "at any tavern, inn, store house for retailing spirituous liquors, or house or place where spirituous liquors are retailed or given away, or any public house or highway, or any other public place, or in any out house where people resort," &c.

We do not entertain a doubt that this playing was at a public place, and that the object of the statute would be frustrated, if gaming could be thus exhibited upon a neighborhood road, near the assemblage of a number of persons, and where they may witness it at pleasure.

The more plausible objection to a conviction is, that the road is a highway as contemplated in the statute, which would make a variance between the proof and the indictment; but we think by the term "highway," as used in the statute, the Legislature meant a public road, that is, a road dedicated to, and kept up by the public, as contra-distinguished from private ways or neighborhood roads, which are not so kept up.

The case of Clarke v. The State, 12 Ala. Rep., 492, is not opposed to the view here taken. There the playing was in a shop, closed and made private by the exclusion of the public. Here, upon a road which the neighbors were accustomed to travel, and at a time when they were passing.

Let the judgment be affirmed.