## BURDINE vs. THE STATE.

1. An indictment (under the Code) for gaming charged, that the defendants "played at a game with cards, or dice, or at some device or substitute therefor, at a tavern, inn, storehouse for retailing spirituous liquors, or house or place where spirituous liquors were at the time retailed or given away, or at a public house, highway, or at some other public place, or at an outhouse where people resorted : *Held*, that the indictment was sufficient on demurrer, and was not violative of the tenth section of the first article of the State constitution.

2. A lawyer's office, during the session of the Circuit Court, is not a "public place" within the statute against gaming; the playing having taken place at night, by permission of the person who occupied the room as a sleeping apartment, when the doors were locked, and the curtains drawn over the windows.

APPEAL from the Circuit Court of Pickens.

Tried before the Hon. ALEX. B. CLITHERALL.

THE indictment in this case was as follows :

"THE STATE OF ALABAMA,  }  *In the Circuit Court,*
Pickens County.   }  Spring Term, 1854.

"The grand jury of said county charge, that, before the finding of this indictment, Stephen D. Swallow, D. W. Hunley, James T. Burdine, James A. Sanders, and John H. Thomas, played at a game with cards, or dice, or at some device or substitute therefor, at a tavern, inn, storehouse for retailing spirituous liquors, or house or place where spirituous liquors were, at the time, retailed or given away, or at a public house, highway, or at some other public place, or at an outhouse where people resorted ; against the peace and dignity of the State of Alabama."

The defendant Burdine, being on trial alone, demurred to the indictment; and his demurrer being overruled, he then pleaded not guilty. The evidence showed, that the defendant had played at cards, on two occasions, in the law office of a practicing attorney in the town of Carrolton; that the playing took place on Monday night of the first week of the Circuit Court, and on the Tuesday or Wednesday night following,

by permission of the young man (a minor) who slept in the room; that the doors were locked, and the curtains drawn over the window; and that no person passed in and out of the room during the playing, except the occupant of the room. The court charged, that this room was a public place within the statute, and the defendant excepted.

The overruling of the demurrer to the indictment, and the charge of the court, are now assigned for error.

S. F. Hale and A. A. Coleman, for the appellant:

1. The indictment is fatally defective. The tenth section of the first article of our State constitution provides, that "the accused, in all criminal prosecutions, has the right to demand the nature and cause of the accusation against him." The Code (§ 3497) defines an indictment to be "an accusation, in writing, presented by a grand jury to the Circuit Court, charging a person with an indictable offence"; while section eleven of the first article of the constitution declares, that no person can be put upon his trial on a criminal charge, until he is first indicted by a grand jury. All these provisions are violated by putting a party on his trial on this indictment. He is not informed by it of the cause of the accusation against him; he cannot tell from it whether he is to be tried for playing a game of cards, *or* a game of backgammon, with dice, *or* at some device or substitute therefor; nor can he tell whether he is accused of playing any one of these games at a tavern, *or* a storehouse for retailing spirituous liquors, *or* at some other public place, *or* at an outhouse where people resort. The constitution surely does not mean, that the defendant, instead of being furnished with the particular cause of the accusation against him, should be furnished with some *half-dozen causes in the alternative,* and told that he is to be tried on some one of them, and left to guess which one. It is no answer to this objection, to say that all of the offences charged are of the same grade, and all subject the party, if found guilty, to the same punishment. The object of the constitution is, that the party put on his trial shall have notice of what particular act he is called on to defend. Surely, no court would hold an indictment good, which charged that the defendant, with malice aforethought, had taken the life of A, or

B, or C, although the offences are all of the same grade, and subject the defendant to the same punishment.—Murphy v. The State, 2 Cushm. 590.

Again ; no one can be put upon his trial for a criminal offence, unless he is first charged therewith by a grand jury. The defendant, in this case, has been tried and convicted of playing at cards in a public place ; but we defy any court to say, from an inspection of the indictment, that the grand jury charged him with that offence : the only charge made by the grand jury was, that he had either played at cards, *or* at dice, *or* at some device or substitute therefor, *either* at a public place, *or* at some other place prohibited by the statute ; that is, the grand jury charged, that he had either committed the offence of which he was convicted, *or* some other offence of the same grade. To hold that a conviction can be had on such an indictment, is to hold that the sacred, constitutional rights of the citizen may be frittered away by hasty, inconsiderate legislation, or mere judicial construction.

2. The charge of the court was erroneous.—Clark v. State, 12 Ala. 492 ; Coleman v. State, 20 Ala. 51.

P. T. SAYRE, for the Attorney General, *contra.*

GOLDTHWAITE, J.—The form of the indictment is in accordance with section 3506 of the Code, which provides, that where offences are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count, in the alternative. The objection to this provision, urged on the part of the appellant, is, that it is in violation of the tenth section of the first article of our bill of rights, which entitles the accused to be informed of the nature and cause of the accusation, and to have a copy thereof. The object of this clause of the constitution was, to enable every person, against whom a criminal prosecution was instituted, to defend himself against it if innocent; and a due regard to the intent and spirit of this provision would require us to pronounce against any indictment, whatever might be its form, which was obviously insufficient to secure this result. But the fact that the defendant may be charged with the commission of one or the other of

two or more offences, which are specified with legal certainty in the indictment, does not render him the less able to defend himself against either of the charges which are alleged. It is true, that he may be required to meet each one of the offences; but he would have been obliged to do this, if the indictment, instead of pursuing the form used, had been framed with different counts, alleging the commission of all the offences which are here charged in the same count. We do not think that any constitutional right of the defendant can be impaired by sustaining the indictment in its present form.—Noles v. The State, at the present term (24 Ala. 672.)

As to the charge of the court: The evidence established, that the playing took place in the night time, during the session of the Circuit Court, in a lawyer's office, and by permission of a person who occupied the room as a sleeping apartment; that the doors were locked, and the curtains drawn over the windows. The court charged, that this was a public place, and, as we think, erroneously. We held in Clark v. The State, 12 Ala. 492, that the office of a physician, where the playing was at night by invitation, was not a public place within the meaning of the statute against gaming; and there is no difference, in principle, that we can discover, between the two cases.

Let the judgment be reversed, and the cause remanded.

NOTE BY THE REPORTER.—The case of Sanders v. The State, also from Pickens Circuit Court, was reversed and remanded on the authority of Burdine's case; the playing in each case having taken place in the same room, and under the same circumstances.