## SWEENEY *vs.* THE STATE.

[INDICTMENT FOR GAMING.]

1. *Construction of statute (Code, § 3243) against gaming.*—Windham's case, 26 Ala. 69, and Brown's case, 27 *ib.* 47, as to construction of statute against gaming, reaffirmed.

FROM the Circuit Court of Barbour.

Tried before the Hon. NAT. COOK.

JAMES L. SWEENEY was indicted at the January term, 1854, for gaming, and was tried at the May term, 1855. The bill of exceptions, which was taken by him on the trial, is as follows : " The State proved, that the defendants played a game of cards, in Barbour county, within twelve months before the finding of the indictment; that the place where said playing took place was in a room over a country store; that said room was entered on the outside, by steps, and was disconnected from the store; that the furniture of said room consisted of some chairs and a mattress; that it was sometimes used as a sleeping place by the proprietor of the store, who kept the key of said room; that no goods of any description were kept or sold in said upper room, but that sometimes, when the store was crowded, persons who wished to adjust their accounts in private went up, by special permission, for that purpose; that such persons never went up while the defendants, or any other persons, were playing cards there. It was shown that goods and merchandise were sold in the store beneath, but not that any spirituous liquors were sold or given away there. When the playing took place, the door of the upper room was closed and locked, and nobody was allowed to enter, except upon being recognized and approved, nor could anybody enter without permission ; all others were refused admission. It was not shown that there was any passing in or out of said room during said playing, except that one witness swore he knocked at the door; and, upon making himself known, was allowed to enter. Only four or five persons were present at the playing, which took

place with the assent of the proprietor, who furnished the defendants with the key for that purpose. It was shown, also' that persons playing in said upper room could not be seen from the road on the outside, and that there was no communication between the store and said upper room, by door or otherwise. Upon this state of facts, the court charged the jury, that the place where the playing took place was a public house, within the meaning of the statute; and that, if they believed the evidence, they must find the defendant guilty. The defendant excepted to this charge, and he now assigns it for error.

LEWIS L. CATO, for the appellant.

M. A. BALDWIN, Attorney General, *contra*.

RICE, C. J.—In Huffman v. The State, at the present term, upon a re-examination of the cases of Windham v. The State, 26 Ala. 69, and Brown v. The State, 27 Ala. 47, we announced our determination to adhere to the exposition of section 3243 of the Code contained in them. Upon the authority of those cases, we affirm the judgment in the present case.

