| 30  529|
|105  132|

## GLASS vs. THE STATE.

[INDICTMENT FOR GAMING.]

1. *Navigable river not highway.*—A navigable river within this State is not a highway within the statute (Code, § 3243) against gaming.

FROM the Circuit Court of Marshall.
Tried before the Hon. WM. S. MUDD.

THE evidence in this case is thus stated in the bill of exceptions: "The State introduced evidence, tending to show that the defendants played cards, in July, 1855, at a place in said county between the top, or the ordinary high-water bank of the Tennessee river, and the low-water mark, about one hundred yards from the public road, and one hundred and fifty or two hundred yards from any public landing; that the bushes and weeds, growing around where they played, concealed them entirely from the public road and landing; that they could not be seen from the water in the river, at the then stage of water, unless it was at a point about a quarter of a mile above them, from which (the witness thought, but was uncertain, and could not speak positively) they might or might not have been seen."

"On this evidence, the court charged the jury, that if the defendants played cards, within twelve months before the finding of the indictment, at a public place within the county, between the top of the ordinary high-water bank of the Tennessee river and low-water mark, they were guilty as charged in the indictment. The defendants excepted to this charge, and requested the court to charge the jury, that if the evidence shows the defendants played cards at a place between the ordinary high-water bank of the Tennessee river and low-water mark, where they could not be seen from the water in the river at its then stage of water, or from any public landing, and where they were concealed from public view, they must find the defendants not guilty. The court refused to give this charge, and the defendants excepted."

ROBERT C. BRICKELL, for the prisoner.

M. A. BALDWIN, Attorney-General, *contra*.

RICE, C. J.—It must be conceded, that under the existing laws of the United States and of this State, the navigable rivers within this State are public highways for certain purposes; but it does not follow that they are so for all purposes.—Bullock v. Wilson, 2 Porter, 436; Morgan v. Reading, 3 Smedes & Marsh. 366.

In Mills v. The State, 20 Ala. 86, a highway, within the meaning of the statute then of force against gaming, was defined by our predecessors to be "a public road; that is, a road dedicated to, and kept up by the public, as contra-distinguished from private ways, or neighborhood roads, which are not so kept up." After that definition had been given, that statute was substantially re-enacted in the Code; and the re-enactment constitutes the very section of the Code (§ 3243) upon which the present indictment is founded. As the legislature seems thus to have sanctioned the definition of the term highway, which was given by our predecessors to that term, when used in the statute of which section 3243 is substantially a transcript, we feel bound to adhere to that as the true definition of the same term as found in that section. Accordingly we hold, that a navigable river is not a highway, within the meaning of section 3243 of the Code.

The case of The State v. Coleman, 13 Ala. 602, supports our conclusion. There the playing was on a steamboat *on a navigable river*. The defendant asked the court to charge the jury, that the playing did not take place at *a public place*, or at a place where spirituous liquors were retailed, within the meaning of the act against gaming. This court declared, among other things, that the playing was at a "public place." That declaration was wrong, if the river was a highway; for, as the term highway is one of the specific terms used in the statute, and is followed by the more comprehensive one of "any other public place," proof of a playing in a highway would not authorize a conviction for playing at a public place.— Bush v. The State, 18 Ala. 415.

The charge given by the court refers it to the jury to find whether the place where the playing occurred was a public place, and authorized them to find a verdict of guilty if they found the place to be a public place. We need not say whether, construing that charge in connection with the evidence, there was or was not error in giving it. However that may be, it is clear that the court below erred in refusing to give the charge asked by the defendant. For that error, the judgment is reversed, and the cause remanded.