# Bose Napier v. The State.

*Indictment for Betting at Cards.*

1. *Sufficiency of indictment.* — An indictment, which alleges that the defendant " bet fractional currency of the United States," the denomination and value of which are averred, " at a game played with cards in a highway, or public place " (Rev. Code, § 3622), is sufficient.

2. *Betting at cards "in public place."* — Under an indictment which charges the defendant with betting " at a game played with cards *in a public place* " (Rev. Code, § 3622), a conviction may be had, on proof that the game was played " *at a house where spirituous liquors were retailed;* " and if the playing was in an open place, within ten feet of the door of the house, and in full view of it, this, in contemplation of law, is *at* the house. (BRICKELL, J., dissenting, held, that the previous decisions of this court, under indictments for playing cards " in a public place," should govern this and similar cases; and that where the indictment charged the playing to have been at or in " a public place," while the proof showed that it was at one of places specifically named in the statute, the variance was fatal, and no conviction could be had.)

FROM the Criminal Court of Bullock.

Tried before the Hon. C. J. L. CUNNINGHAM.

The indictment in this case contained two counts, but a demurrer was sustained to the first count, and the trial · was had on the second count, which was in these words: " The grand jury aforesaid further charge, that, before the finding of this

indictment, Bose Napier bet fractional currency of the United States, of the denomination, to wit, twenty-five cents, and of the value of twenty cents, at a game played with cards in a highway, or public place ; against the peace," &c. A demurrer to this count was overruled by the court, and the trial was had on issue joined on the plea of not guilty.

"On the trial," as the bill of exceptions states, "the State introduced as a witness one Ned Thompson, who testified, that he saw the defendant playing cards in December last, at Thompson's Station, in said county of Bullock ; that there was a store at said station, kept by one Germany ; that the playing was about ten feet immediately in front of the door of said Germany's store, at night, by firelight, on a plank on the ground ; that a party was given that night, at or near said store, and there was a large crowd present ; that the defendant bet fifty cents, paper money, which was 'greenback,' and was worth forty cents or more ; that there was no public road by said station ; that the Montgomery and Eufaula Railroad passed said station, but there was no regular depot there ; and that persons passed up and down said railroad, going to and returning from said store, for the purpose of trading. Said witness testified, on cross examination, that said Germany kept, among other things, spirituous liquors for sale at said store ; that the said playing was directly in front of the door of said store, and there was nothing between the door and the place where the playing was. Said Germany, who was introduced as a witness by the defendant, testified that, at the time of the said playing in December last, as testified to by said Thompson, he had a retail license, and was selling spirituous liquors by the drink at the time of the playing."

"This being all the evidence in the case, the court charged the jury, that a place, not public in itself, may become public by force of circumstances ; and that if they believed, from the evidence, that the betting charged in the indictment was done at Thompson's Station, on the Montgomery and Eufaula Railroad in said county, and in the presence of a large crowd of persons, assembled by reason of a social party there at that time, the place of such playing and betting was a public place within the meaning of the statute, though it was near and in front of a house or store where spirituous liquors were retailed, sold, or given away."

The defendant excepted to this charge, and requested the court, in writing, to charge the jury as follows : " 'At a house or place where spirituous liquors are retailed, sold, or given away,' as mentioned in the statute, means near a house where such liquors are retailed, sold, or given away ; and if the jury believe, from the evidence, that the defendant bet fractional currency, as charged in the indictment, at a house or place

[Napier v. State.]

where spirituous liquors were retailed, sold, or given away, though such betting was not *in* such house or place, then the defendant cannot be convicted under this indictment, and they must find him not guilty." The court refused to give this charge, and the defendant excepted to its refusal.

The overruling of the demurrer to the indictment, the charge given by the court, and the refusal of the charge asked, are now assigned as error.

NORMAN & WILSON, for the prisoner, cited *Windham* v. *The State*, 26 Ala. 69; *Smith* v. *The State*, 37 Ala. 472; *Brown* v. *The State*, 27 Ala. 47; *Sweeny* v. *The State*, 28 Ala. 47.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The defendant was indicted for a violation of section 3622 of the Revised Code, by betting at a game of cards played "in a highway, or at a public place." He demurred to the indictment, but his demurrer was overruled; and this action of the court is now assigned as error. The record does not inform us what causes of demurrer, if any, were assigned in the court below; and we have not been furnished with any brief or argument of counsel, pointing out the specific objection intended to be raised by the demurrer. It seems to us the count is sufficient. It avers every fact necessary to the guilt of the accused. The playing of cards at a place prohibited by the statute, the betting thereon by the defendant, and the thing bet, — fractional currency of the United States, — its denomination and value, are clearly and positively alleged. There was, therefore, no error in overruling the demurrer to the indictment.

2. The indictment alleged, that the playing was "in a public highway, or at a public place," while the evidence showed a playing near to, in front of, and in full view of a house where spirituous liquors were retailed. The house was situated at a station on the Montgomery and Eufaula Railroad, and the evidence would probably warrant the inference that the playing was visible from that road. An indictment for gaming "at a public place" cannot be sustained by evidence of a playing at any one of the places specifically mentioned in the statute. Thus, an indictment for playing "at a public place" would not be supported by proof of a playing in a highway. *Bush* v. *The State*, 18 Ala. 418. So, if the playing was at a public house, and the charge was of a playing "at a public place," the evidence would not support the charge. *Windham* v. *The State*, 26 Ala. 69; *Sweeny* v. *The State*, 28 Ala. 47; *Brown* v. *The State*, 27 Ala. 47. This rests upon the principle, that

[Napier *v.* State.]

the " public place," as used in the statute against gaming, does not include any of the places specifically mentioned, but embraces all other public places, whether they are public *per se*, or become public merely by force of circumstances. See the cases collected in Brickell's Digest, vol. 1, p. 475, § 376.

The playing in this case was certainly at one of the places specifically mentioned in the statute, — a storehouse for retailing spirituous liquors. It was not in or at a highway. The Montgomery and Eufaula Railroad cannot, under .our former decisions, be deemed a highway within the purview of the statute. In *Mills* v. *The State* (20 Ala. 86), this court declared, that the term " highway," as used·in the statute, did not embrace a neighborhood road; that it must be confined to a public road, that is, a road dedicated to, and kept up by the public. Following this decision, it was held in *Glass* v. *The State* (30 Ala. 529), that though the navigable rivers of the State are by law declared public highways, yet a navigable river was not a highway within the statute against gaming. The Montgomery and Eufaula Railroad, the property of a private corporation kept up and operated by it, though open to the public for travel and the transportation of freight, is not a highway within this statute.

The playing in this case was at a storehouse where spirituous liquors were retailed. Though the statute uses the words " *at* a storehouse," &c., any playing so near to such a house as to let in the evil which the statute was designed to suppress, must be deemed a playing *at* the house. Here, the playing was near to, and in front of the storehouse, and in the presence of a large number of persons assembled at the house. All the evils which could result from a playing within the walls of the house, would equally result from this playing. The playing, then, being at one of the places specifically mentioned in the statute, a conviction of the players could only be had under an indictment alleging the playing at that particular place. When the indictment is against one betting on the game, the same rule must prevail. If the participants in the game could not be convicted on the allegations and proof made against him, he cannot be convicted. The charge given, and the refusal to charge as asked, were, therefore, both erroneous. Under the evidence set out in the record, the defendant might be convicted under an indictment alleging the playing to have been in a storehouse where spirituous liquors were retailed.

The judgment is reversed, and the cause remanded. The defendant will remain in custody, until discharged by due course of law.

NOTE BY REPORTER. — The Attorney General having applied for a rehearing, on the authority of the cases of *Ed. Ray*

v. *The State*, and *Wade Napier* v. *The State*, decided at the present term (pp. 172, 174), the following opinion was delivered on a subsequent day of the term, in response to his application: —

BRICKELL, J. — The cases cited in the application for a rehearing are in direct conflict with the foregoing opinion. While I would prefer adhering to the opinion, as conforming to the former decisions of this court therein cited, my brothers, recognizing fully the authority of those decisions, when applied to indictments for gaming, are unwilling to extend them to cases like the present, — an indictment, not for gaming, but for betting at a game of cards played at an unlawful place. Under the influence of their opinion, the rehearing is granted, the judgment of reversal heretofore rendered is set aside, and the judgment of the court below is affirmed.