# Comer *v.* The State.

*Indictment for using Vulgar and Abusive Language in presence of Females.*

1. *Highway; what is not, within meaning of § 4203 of Code of 1876.*—The track of a railroad company, used to carry on its business as a common carrier, is not a public highway, within the meaning of the statute against the use of vulgar and abusive language. To constitute such highway, there must be a road dedicated to, and kept up by the public, as distinguished from a private way.

APPEAL from Russell Circuit Court.
Tried before Hon. W. B. WOOD.
The opinion states the case.

G. D. HOOPER, for appellant.

H. C. TOMPKINS, Attorney-General, *contra.*

BRICKELL, C. J.—The indictment is founded on the statute (Code of 1876, § 4203), which reads : "If any person enters into the dwelling-house of another, or upon the curtilage thereof, or upon the public highway near such premises, and in the presence of the family of the owner thereof, or of any member of his family, or of any female, and makes use of abusive, insulting, or vulgar language, he shall be deemed guilty of a misdemeanor," &c. The evidence showed that the accused made use of profane, abusive and insulting language while walking along the Mobile & Girard Railroad, within two or three hundred yards of the dwelling-house of Henry Freeman, in the presence of his son and daughter, and within the hearing of his family. The court, on this evidence, instructed the jury that the Mobile & Girard Railroad was a public highway, within the meaning of the statute ; and to this instruction an exception was reserved.

The Mobile & Girard Railroad was probably constructed by a private corporation, under a charter from the general

[Comer v. The State.]

assembly of this State, but if that be true, the courts can not know it judicially.—*Ala. & Tenn. R. R. Co.*, 29 Ala. 221; *City Council v. M. & M. Plank Road Co.*, 31 Ala. 76. And if such is the fact, the road would not be a *public highway*.—*S. & N. R. R. Co. v. Pillgreen*, in MSS. "Every thoroughfare which is used by the public, and which is, in the language of the English books, ' common to all the king's subjects,' is a highway, whether it be a carriage-way, a horse-way, a foot-way, or a navigable river."—3 Kent, 548. The statute against gaming forbids it at *any public house or highway*, and it has been several times decided that the term *highway* is intended to designate "a public road—that is, a road dedicated to and kept up by the public, as contradistinguished from private ways or neighborhood roads, which are not so kept up."—*Mills v. State*, 20 Ala. 86; *Glass v. State*, 30 Ala. 529; *Napier v. State*, 50 Ala. 169. A navigable river, though declared by law—State and Federal—a public highway for certain purposes, is not a public highway within the meaning of the statute against gaming.—*Glass v. State, supra;* nor is a railroad, "the property of a private corporation, kept up and operated by it, though open to the public for travel and the transportation of freight."—*Napier v. State, supra.* When particular words and phrases found in existing statutes have, by judicial decision, acquired a precise meaning, and are employed in subsequent statutes, the intent to to use them in a different and larger sense ought to be clear and unequivocal, before there is a departure from this ascertained meaning.

The instruction is erroneous. There was no fact shown which fixes the character of the Mobile & Girard Railroad as a *public highway;* and the only facts which would fix upon it that character, are that it is a *public road*, as defined in the decisions to which we have referred.

The judgment is reversed, and the cause remanded. The prisoner will remain in custody until discharged by due course of law.