# Dickey *v.* The State.

### *Indictment for Playing Cards in Public Place.*

1. *Exception to entire charge.*—A general exception to an entire charge, asserting several distinct legal propositions, can not be sustained, unless each distinct proposition is erroneous.

2. *Navigable river, as highway, or public place.*—Although a navigable river is not a "highway" within the statute against gaming (Code, § 4207), it may become a "public place" by force of circumstances; and a conviction may be had for playing cards on a ferry-boat while fastened in the middle of the river, at a ferry regularly licensed, although no passengers were carried on that day, it being Sunday, and the playing was seen by no one but the participants in the game.

3. *Local jurisdiction of offense committed on or near boundary line between two counties.*—A conviction for gaming may be had in Madison county (Code, § 4636), on proof that the offense was committed on a ferry-boat while in the middle of the river (Paint-Rock) which divides Madison and Marshall counties.

FROM the County Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

The indictment in this case charged, in the general form prescribed by the statute (Code, p. 994, No. 27), that the defendant played at a game of cards at one of the prohibited places. On the trial, as the bill of exceptions states, a witness for the prosecution testified, among other things, that he saw the defendant, with two other persons, "playing cards on Sunday, on a ferry-boat at a public licensed ferry where toll was taken, on Paint-Rock river, which is a navigable stream; that the river was very high, being out of its banks and one mile wide at the ferry; that the ferry-boat was tied in the middle of the regular bed of the river, which left the boat half a mile from the Marshall county side, and the same distance from the Madison county side of the high water; that no one could see the defendant and those with him, from either side; that the boat was the only one at that ferry used for carrying passengers or freight; that there was no crossing on the boat on that day, which was Sunday; that no one on foot could get to the ferry, and no one on horse-back without swimming; that the boat could cross from one side to the other of the high water; that said river is the line between Marshall and Madison counties, and is about sixty feet wide at its natural stage." A witness for the defendant testified that, at the time of the playing, "the

boat was sixty yards above the ferry, and was on the Marshall side of the line." The defendant requested several charges, which were in writing, and one of which was in these words: "If the jury believe, from the evidence, that the game took place in a ferry-boat, sixty yards above the ferry, on Paint-Rock river; and that, by reason of the overflow, said boat was not on that day engaged in carrying freight and passengers; and that a person, standing on the bank of said river, could not see a game of cards going on,— then the jury should return a verdict of not guilty." The court refused to give this charge, and the defendant excepted to its refusal. There was a plea to the local jurisdiction, and a charge requested on that point; and an exception was reserved to the refusal of that charge, as also to the entire charge given by the court.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The general charge given by the court in this case asserts several distinct legal propositions, some of which are certainly correct. The exception reserved is to the whole charge, and not to any particular part of it which is specified as being obnoxious to objection. Such exceptions have frequently been condemned by this court as defective, and they will not, therefore, be considered, except in cases where every proposition announced in the general charge is erroneous.—*South & North Ala. R. R. Co. v. Sullivan*, 59 Ala. 272; *Gray v. State*, 63 Ala. 66.

The indictment in this case charges the defendant with playing at a game with cards, in one of the places prohibited by section 4207 of the Code; and the form of indictment used is the one prescribed in section 4824 for card-playing at public places.—Code 1876, p. 994, Form No. 27. The playing is proved to have taken place in a ferry-boat, which carried passengers across a public licensed ferry over Paint-Rock river, which is a navigable stream, constituting the boundary line between the counties of Marshall and Madison. The ferry-boat was at the time about sixty yards above the ferry, in the middle of the river, and about half a mile from either bank. The river being very high by reason of an overflow, and it being Sunday, no passengers were being transported on that day over the ferry.

We think that, under this state of facts, the defendant was properly convicted. It is true, as held by this court in *Glass v. The State*, 30 Ala. 529, that a navigable stream is not a *highway*, within the meaning of the above statute, and the court below so charged the jury. But it may become a

"public place" by force of circumstances. In *Coleman v. The State*, 13 Ala. 602, it was held, that a steam-boat, carrying passengers and freight on a navigable river, was a public place. So, likewise, a neighborhood road has been held to be a public place.—*Mills v. The State*, 20 Ala. 86. And it is manifest that the reason upon which these cases are based would embrace a ferry-boat plying across a public licensed ferry.

Nor does it matter that the playing was at the time unseen by any observers other than the participants. It is not the *fact* of being seen, but the *liability* to be seen, which is contemplated by the statute. No matter what degree of secrecy may be preserved, or how few the number of spectators present, if the place comes within the statutory prohibition, any game at cards there is in violation of law, and indictable.— *Windham v. State*, 26 Ala. 69.

The playing having been in the middle of the river dividing the counties of Marshall and Madison, the courts of Madison clearly had jurisdiction of the offense, under the provisions of the statute.—Code 1876, § 4636; *Hill v. State*, 43 Ala. 335.

A proper regard for these well-settled legal principles required the refusal of the charges requested to be given by the appellant, and the court below ruled correctly in refusing them. Its judgment is, therefore, affirmed.