# Schamberger *v.* The State.

*Indictment for Larceny of Corn, part of Outstanding Crop.*

1. *Oath of petit jury.*—A recital in the judgment-entry, in a criminal case, that the jury "was duly sworn," or "was sworn according to law," not setting out the oath, is sufficient; but a recital that the jurors "were sworn according to law, *to well and truly try the issue joined,*" omitting the words *"and a true verdict render according to the evidence"* (Code, § 4765), negatives the idea that the proper oath was administered.

2. *Sufficiency of indictment.*—An indictment which charges that the defendant "feloniously took and carried away fifty ears of corn, the same being a part of an outstanding crop of corn, the property of W. D." (Code, § 4358), shows with sufficient certainty that the stolen ears were, at the time of the larceny, part of an outstanding crop.

FROM the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The indictment in this case contained but a single count, which charged that the defendants, Mose Schamberger and Henry Schamberger, "feloniously took and carried away fifty ears of corn, the same being a part of an outstanding crop of corn, the property of William Davis; against the peace," &c. After conviction, Mose Schamberger moved in arrest of judgment, on the ground that the indictment did not show with sufficient certainty that the ears of corn were, at the time of the alleged larceny, a part of an outstanding crop of corn. The court overruled the motion, and the defendant excepted. The judgment-entry recites that the defendants each pleaded not guilty, "and thereupon comes a jury, to-wit," &c., "who being duly elected, tried, and sworn according to law, well and truly to try the issue joined, upon their oaths do say," &c. It is now urged as error, that the record shows the jury were not properly sworn, and that the indictment was defective for the reason assigned in arrest of judgment.

JNO. S. JEMISON, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—We have several times ruled, that when in the judgment-entry it is recited that the jury was sworn 'according to law', or 'duly sworn', this is sufficient. This rule, if universally observed, would be very simple, and at

[Benson v. The State.]

the same time safe in practice. It would be well if the presiding judges, and especially the solicitors, would give attention to this. It would prevent many needless reversals. We have also frequently ruled, that if the judgment-entry assumes to set out the oath administered, it must express all the essential elements the statute prescribes. 'Well and truly try', and a 'true verdict render according to the evidence', are parts of the formulated oath.—Code of 1876, § 4765.

The judgment-entry in this case recites that the jurors were 'duly elected, tried, and sworn according to law'. This is amply sufficient, if the recital stopped with these words. But it goes further, and sets forth what they were sworn to do. It affirms that they were "sworn according to law," (that is, as the law directs), "to well and truly try the issue joined." These last words qualify the precedent ones, and negative the idea that the jury was sworn to do any thing other than that expressed; that is, to "well and truly try the issue joined." As is stated above, we have several times held that, when the record purports to express the oath that was administered, it must show the jurors were not only sworn to 'well and truly try the issue', but the oath must bind them to render a true verdict according to the evidence. *Allen v. The State*, at the present term, which declares the true rule.

We do not agree with the counsel in the criticism of the indictment which the argument presents. We think it sufficiently charges the larceny of a part of the crop, which was outstanding at the time of the larceny.—Code of 1876, § 4785.

Reversed and remanded. Let the defendant remain in custody, until discharged by due course of law.