# Allen *v.* The State.

### *Indictment for Grand Larceny.*

1. *Oath of petit jury in criminal case ; when insufficient.*—An oath administered to a petit jury in a criminal case to " well and truly the issue, joined to try and a true verdict to render," is insufficient, in that it fails to require the jury to render their verdict " according to the evidence;" and it will not sustain a judgment of conviction on appeal.

2. *Declaration of defendant ; when inadmissible.*—It is not competent for a defendant indicted for larceny and who defends under a claim of ownership, to introduce in evidence a declaration made by him while in possession of the property alleged to have been stolen, showing how his asserted right or claim originated.   Such declaration is no part of the *res gestæ*, but merely a recital of a past transaction.

APPEAL from Hale Circuit Court.

Tried before Hon. JOHN MOORE.

At the fall term, 1881, of said court, the defendant was indicted for grand larceny, the property alleged to have been stolen being a heifer, "an animal of the cow kind," the property of one Lavender; and, at a subsequent term, he was tried on the plea of not guilty, and was convicted.

The evidence set out in the bill of exceptions discloses substantially the following facts : In the fall of 1879, Lavender employed the defendant and his family as laborers on his farm for the balance of that year and for the year 1880, and they thereupon moved to his place.   At this time the defendant owned a cow and heifer which were under mortgage.   Lavender paid off the mortgage debt and took possession of the cow and heifer under an agreement with the defendant that the latter should have the privilege of buying them back, on his paying Lavender what he had paid on the mortgage debt, and a further sum of $100, which he had also paid for the defendant at the latter's request.   The evidence does not show that the defendant ever paid or offered to pay to Lavender these sums of money.   During the year 1880, the defendant moved his family off of Lavender's place, and about two months thereafter he also left the place.   Shortly after the defendant left, he took the heifer out of Lavender's pasture without his consent or knowledge, and carried it three or four miles to a place owned by one Hill, where the defendant's brother lived, and turned it into a pasture with other stock owned by Hill and his tenants, where Lavender shortly afterwards found it, and took

[Allen v. The State.]

possession of it. It was also shown, on cross-examination of the defendant's brother, who was a witness for the State, that the defendant carried the heifer to Hill's place and there put it in the pasture in the day-time; that the pasture was about a quarter of a mile from the public road; that there was no concealment of the heifer while it was on the Hill place; and that the defendant claimed the heifer as his own at the time he brought it to said place. The defendant thereupon asked the witness to state all that the defendant then said to him as to his right or claim to the heifer, and how it was that he claimed it. To this question the State objected, the objection was sustained, and the defendant excepted. It was admitted that, at the time the defendant made the statement intended to be brought out by said question he had not been arrested, and no proceedings had been commenced against him for stealing the heifer.

The entry of the judgment of conviction purports to set out the oath that was administered to the petit jury which tried the cause. This entry shows that the jury were sworn "well and truly the issue joined to try, and a true verdict to render."

The oath administered to the jury, and the ruling of the court on the evidence, above noted, are here assigned as error.

COLEMAN & ROULHAC, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

STONE, J.—In determining the oath to be administered to the petit jury for the trial of criminal cases, our rulings have not been uniform. All the decisions hold that if the recital be that the jury were "duly sworn," or "sworn according to law," this is sufficient. This is a very simple rule, and it would be well if it were universally adopted. But when the judgment-entry purports to set out the oath that was administered, our rulings are not reconcilable. Many of our decisions in cases of this kind have asserted the principle, that when the judgment-entry assumes to set out the oath administered, it must express every material ingredient which the statute prescribes. Code of 1876, § 4765. Our later utterances have affirmed this to be the rule, and we will adhere to it.—Clark's Criminal Digest, § 574; *Commander v. The State*, 60 Ala. 1; *Roberts v. The State*, 68 Ala. 515. The oath administered in this case fails to require the jury to render their verdict "according to the evidence," and for that omission the judgment of conviction must be reversed.

The evidence objected to and ruled out, was no part of the

*res gestæ.* A natural and proper answer to the question would have been a statement, showing how the defendant's asserted right or claim originated. This would have been evidence of a past transaction, and not admissible.—*Nelson v. Iverson,* 17 Ala. 216; *Spivey v. The State,* 26 Ala. 90; *Cooper v. The State,* 63 Ala. 80.

Reversed and remanded. Let the defendant remain in custody until discharged by due course of law.