# Johnson *v.* The State.

*Indictment against Captain of Steamboat, for Gaming.*

1. *Suffering gaming on steamboat.*—Under an indictment against the captain of a steamboat, for knowingly suffering a game of cards to be played on his boat while navigating the Mobile *River* (Code, § 4212), a conviction can not be had on proof that the game was played on the boat while navigating the waters of the Mobile *Bay*. The statute is confined in terms to the rivers of the State, and the courts can not extend its provisions by construction.

2. *Proof of card-playing.*—A witness may testify that he saw a game played with cards, or participated in the game, without giving a particular description of it; the accuracy of his knowledge being subject to the test of a cross-examination, if desired.

3. *Oath of petit jury.*—A recital in the judgment-entry that the jury "were duly sworn," or "were sworn according to law," without more, is sufficient; but a recital that they "were sworn to well and truly try the issue joined between the State of Alabama and the defendant," without more, is fatally defective and insufficient.

FROM the Circuit Court of Baldwin.
Tried before the Hon. WM. E. CLARKE.

JNO. R. TOMPKINS, for appellant,

[Johnson v. The State.]

H. C. Tompkins, Attorney-General, *contra.*

SOMERVILLE, J.—The defendant, as captain or commanding officer of a steamboat, is indicted for knowingly suffering a game of cards to be played on such boat while navigating Mobile river, in violation of section 4212 of the present Code.—Code, 1876, § 4212. The evidence introduced on the trial tended to show that the playing was done while the steamer was in the waters of Mobile *Bay,* and not in Mobile *River,* which latter stream, we judicially know, empties itself into the bay. The court charged the jury, that a conviction could be had, although they believed that the offense charged in the indictment was committed on the waters of the bay, and not on the river. In this, we think, there was error. The statute has reference, in express terms, only to the commanding officers of steamboats "navigating any of the *rivers* of this State."—Code, § 4212. There is a well recognized distinction between a river and a bay, the one being an inland stream, and the other an inlet of the sea. Where the one begins, and the other ends, may often be a question of difficulty; yet the two are legally, and in fact, essentially distinct.—Gould on Waters, § 41. It can not be supposed that the law-making power was either ignorant of this distinction, or intended to confound the meaning of the words. It is conclusive of the whole question, that penal statutes are required to be strictly construed, and that this is a penal statute. We can not declare, under such a rule of construction, that the word *river* was intended to include a bay. The law, in our judgment, contemplates that the offense should have been committed on a steamboat while it was navigating one of the "*rivers*" of the State."

It was clearly competent for the witness Baldwin to testify, that he and others named, including the defendant, played a game with cards, without describing in detail the particular nature or character of the game played. The offense denounced is card-playing in general, and not the playing of any particular game of cards; provided only it is done on a steamboat, while navigating any one of the rivers within the jurisdiction of the State. The defendant could have tested the accuracy of the witness' knowledge, by a cross-examination, if he had so desired.

The recital of the judgment-entry, as to the oath administered to the jury, is fatally defective. While it recites that the jury were "sworn to well and truly try the issue joined between the State of Alabama and the defendant," it omits the words, "and a true verdict render according to the evidence; so help you God." The rule declared in *Story v. The State,* 71 Ala. 329, is, that where the judgment-entry in a criminal case purports to set out the full oath administered to the jury, it must express

every essential element or ingredient of such oath, as prescribed by the statute. This is in accordance with our more recent rulings, as declared in the cases of *Allen v. The State*, 71 Ala. 5, and *Schamberger v. The State,* 68 Ala. 543. But, as often decided, the recital that the jury "were duly sworn," or were "sworn according to law," is clearly sufficient; and the adoption of this form is the safer practice for the *nisi prius* courts to pursue.—*Story v. The State, supra,* and cases cited.

It is not our purpose to decide, that if the indictment had been framed in another aspect, a conviction could not have been had for playing at cards on a steamboat in Mobile bay. *Coleman v. The State*, 13 Ala. 602; Code, 1876, § 27; 1 Bish. Cr. Law, § 176; 1 Whart. Cr. Law (8th Ed.) § 264.

We have examined the other exceptions, and are of opinion that they are not well taken.

The judgment is reversed, and the cause remanded.