## STATE V. LINTNER.

Pen. Code, § 542, defines arson as the burning of a building; and section 543 defines a building as "any house, edifice, structure, vessel or other erection, capable of affording shelter for human beings, or appurtenant thereto, or connected with an erection so adapted." Section 720 makes it an offense to burn stacks of hay, grain, fences, etc. Held, that an ordinary box car, in use as a freight car, is a building, within section 542.

      FULLER, J., dissenting.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Hanson county; Hon. FRANK B. SMITH, Judge.

Edward Lintner was convicted of arson, and he appeals. Affirmed.

*Zollman & Kelso,* for plaintiff in error.

*Philo Hall, Atty. Gen. (Aubrey Lawrence,* of counsel), for the state.

CORSON, P. J. Upon an information duly filed by the state's attorney, the plaintiff in error was convicted and sentenced for the crime of arson. The information is as follows, omitting the formal parts: "Comes now the state of South Dakota, by J. H. Mohr, the state's attorney of said county, as its informant, and informs and charges that the defendant, Edward Lintner, at said county, on the 24th day of May, A. D. 1904, with force and arms, unlawfully, feloniously, willfully and maliciously did burn a certain box car, then and there being a building, of the personal property, * * * with intent to destroy said car, against the peace and dignity of the state of South Dakota, and contrary to form of the statute in such

case made and provided." A demurrer was interposed to this information on the ground, among others, that the facts stated do not constitute the crime of arson. This demurrer was overruled. At the close of the plaintiff's evidence a motion was made by the plaintiff in error that the court direct a verdict in his favor on the ground that "it appears from the evidence that the fire alleged to have been set was in a box car, and that the box car was on eight wheels, and was used as a means of transportation of freight, and is defined as a carriage, and not as a building." This motion was overruled, to which ruling the plaintiff in error excepted. Upon the coming in of the verdict a motion in arrest of judgment was made upon the same grounds, and denied.

The only question therefore presented for consideration under this writ of error is, does an ordinary box car, in use as a freight car, come within the definition of a building, as used in section 542 of the Penal Code, which reads as follows: "Arson is the wilful and malicious burning of a building with intent to destroy it." It is strenuously contended by the plaintiff in error that a box car ordinarily in use upon a railroad for the carriage of freight cannot by any fair construction of the section be construed as the burning of a building, within the meaning of that section as defined by section 543 of the Penal Code, which reads as follows: "Any house, edifice, structure, vessel or other erection, capable of affording shelter for human beings, or appurtenant thereto, or connected with an erection so adapted, is a 'building' within the meaning of the last section," and that therefore a box car set on wheels, used for transportation purposes, is not a house, edifice, structure, vessel, or other erection capable of affording shelter to human

beings, as therein defined. It will be noticed that the provision of section 543 defining a building, as used in section 542, is very broad and comprehensive. It not only embraces any house, edifice, structure, vessel, but also any "other erection capable of affording shelter for human beings." It is also contended by appellants that the house, erection, or structure must be of a permanent character, and either annexed to the soil or placed permanently thereon, and that this is the controlling, characteristic feature which brings the structure or erection within the meaning of "any building," as provided by section 543 of the Code. It is contended on the other hand by the state that any house, erection, or structure capable of affording shelter to human beings constitutes such a structure or erection, and is a building, within the meaning of the statute, and that these words, "capable of affording shelter for human beings," are the controlling words in the definition, and that it is not material whether such house or structure is permanently fixed to the soil or is placed upon wheels, so long as the structure is capable of affording shelter to human beings.

We are of the opinion that the state is right in its contention, and the court correctly held that the freight car shown to have been burned was a building, within the meaning of section 542, above quoted. It was evidently the intention of the Legislature to extend the common-law crime of arson by including all classes of buildings or structures capable of affording shelter to human beings within the definition of the term "building." At common law the crime of arson was limited to the burning of another's house or its appurtenances, but, as we have seen, the lawmaking power of this state has declared that arson shall consist in the burning of a building, instead of

dwelling house, and defines what structures shall be included within the term "building;" and it will be noticed that they have included within that term "any house, edifice, structure," including therein "vessel or other erection capable of affording shelter for human beings." Arson at common law was an offense against the security of the habitation, rather than against property which was burned. 2 Bish. Cr. Law, § 24. Under the term "arson," however, as defined by the Code, the offense is against property, and it is not necessary that the "house, edifice, structure, vessel or other erection" should have been intended for or used as a habitation, but it is sufficient if it be "capable of affording shelter for human beings." Sections 542 and 543 were taken from the Penal Code of California, and constitute sections 447 and 448 of the Code of that state. In construing those sections the Supreme Court of California, in People v. Fisher, 51 Cal. 320, uses the following language: "Arson, as defined by the common law, is an offense against the security of the habitation, rather than against the property which was burned. 2 Bish. Cr. Law, § 24. But by the Penal Code (sections 447 and 448) the scope of the definition is materially extended. 'Any house, edifice, structure, vessel or other erection, capable of affording shelter for human beings,' is a building, within the meaning of the chapter of the Code defining arson, and providing for its punishment. It is not necessary that the 'house, edifice, structure, vessel, or other erection,' should have been intended for, or have been used as, a habitation, but it is sufficient if it be capable of affording shelter for human beings." This construction of these sections evidently carries into effect the intention of the lawmaking power, which was to extend the crime of arson so as to include all structures capable of

affording shelter to human beings, and clearly a box car comes within this class of structures; it being not only capable of affording shelter to a human being, but is, as is well known, often removed from the trucks and used as a dwelling house or residence. Undoubtedly, under the common-law definition of arson, such a structure might be included as a dwelling house, if actually used as such; and hence, in view of the fact of the broader and more extensive definition of the buildings that may be the subject of arson, and which, under our Code, need not be a dwelling house, a box car may very properly be included. There seems to be no apparent reason why, if the offense is one against property, an erection or structure, permanent so far as its distinctive character is concerned, and which is property, regardless of the fact as to whether it may be moved from one place to another, so long as it is capable of affording shelter for human beings, should not be included within the term "building," as well as other structures or erections; and there is certainly no reason why the owner of a box car should not be protected from loss by the act of an incendiary, as well as a person owning a house which may be of much less value. It could not have been the intention of the Legislature to discriminate against the owners of various kinds of structures by affording protection to one class, and omitting that protection as to another. In other parts of the statute the burning of other property than structures or other erections is made an offense, such as burning stacks of grain, hay, growing or standing grain, trees and fences. Section 720, Pen. Code. And by construing the section we are considering as including all structures capable of affording shelter for human beings, the line of demarcation between this class of property subject

to arson is made clear and well defined, and will enable courts to easily determine whether a structure does or does not come within the definition of a building, under the statute. The contention of the plaintiff in error that only erections and structures having a fixed and permanent location are included within the terms of the statute is not tenable, as is clearly shown by the use of the term "vessel" in the section itself. A box car on wheels is certainly as permanent a structure as a vessel, and, as the term "or other erection" is used in connection with the term "vessel," it is quite clear that an erection, if capable of affording shelter to human beings, may be of a like character. Permanency, therefore, as to place in which the erection is situated, does not constitute an essential element in the offense, but only permanency in the character of the structure itself. Much space is devoted in the brief of the counsel for the plaintiff in error to the definition of "erections, structures," etc., but these definitions afford but little aid in the construction of the sections we are considering, as the Legislature itself has furnished the rule as to what structures shall be included within the term "building," and has seen fit to define a building as "any house, edifice, structure, vessel or other erection capable of affording shelter for human beings." As before stated, these last qualifying words constitute a criterion for determining whether or not a structure or erection constitutes a building.

These conclusions lead to an affirmance of the judgment and order denying motion in arrest of judgment, and they are affirmed.

FULLER, J., dissents.