[Crim. No. 2330. First Dist., Div. Two. Apr. 6, 1945.]

THE PEOPLE, Respondent, v. JOSEPH ROCHE, Appellant.

Joseph A. Brown for Appellant.

Robert W. Kenny, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondent.

STURTEVANT, J.—The defendant was charged with having violated the provisions of section 337a of the Penal Code,

subdivisions 2, 4 and 6 thereof, on the 6th day of June, 1944, in the city and county of San Francisco. The charges relating to subdivisions 4 and 6 were dismissed and after a plea of not guilty the case proceeded to trial before a jury on the first count alone. The defendant was found guilty and sentenced. From the judgment he prosecutes this appeal.

The defendant complains because the trial court refused to give an instruction which was as follows: "You are instructed that the evidence of police officers is to be judged by the same standards and the same rules of evidence as any other witnesses, and that police officers are not entitled to any greater credence than any other witness, and you are not compelled to decide in favor of the prosecution because the case is presented by the people through police officers." We think there is no merit in that claim. True it is that on the trial no witnesses were called by the defendant and that the prosecution called two witnesses only. One was Clement J. Dougherty, a police officer assigned to the bureau of special services which performed the function of making arrests in connection with vice conditions and bookmaking establishments. The other witness was Walter J. Francis, a police officer for over twenty-two years who was assigned to the same department. Both witnesses were examined and cross-examined. They detailed facts to the effect that on the 6th day of June, 1944, in the city and county of San Francisco, the defendant did keep and occupy an automobile in a parking lot at 145 Taylor Street, with books, papers, apparatus, device and paraphernalia for the purpose of recording and registering bets and wagers and of selling pools upon the result of speed between horses. Each witness delineated what he saw and heard. Neither witness gave any testimony that was improbable, impossible, or in conflict with any physical fact. The State contends that the requested instruction was covered by other instructions which were given. We think that contention is well founded. Among others the trial court gave the following instruction:

"You are instructed that the plea of not guilty raises all of the material issues in this case, and that the presumption of innocence applies and continues throughout the case, and until your verdict overcomes it by an adjudication of guilt.

"The presumption of innocence is evidence in and of itself, and the defendant is entitled to rely thereon, and the pre-

sumption of innocence places the burden upon the prosecution to establish the guilt of the defendant as to every material issue to a moral certainty and beyond a reasonable doubt.

"Now, in every crime or public offense there must exist a union or joint operation of act and intent, or what is known in the eyes of the law as criminal negligence. The intent or intention is manifested by the circumstances connected with the offense, and the sound mind or discretion of the person accused of the offense. And in the eyes of the law all persons are considered to be of sound mind who are neither idiots nor lunatics, or otherwise affected with insanity.

"A defendant in a criminal case is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal; but the effect of this presumption is only to place upon the state the burden of proving him guilty beyond a reasonable doubt.

"Reasonable doubt is defined as follows: It is not a mere possible doubt, because everything relating to human affairs and depending upon moral evidence is open to some possible or imaginary doubt. It is that state of the case which, after an entire comparison and consideration of all of the evidence, leaves the jurors in that state of mind, or in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge." ▌ Moreover, the requested instruction belongs to that class of instructions which are said to pertain to mere commonplace matters that jurors are presumed to know about and act upon in the absence of being instructed thereon. It is settled law that the giving or refusing of such instructions is not ground for a reversal if the giving or refusal is not prejudicial to appellant's case. (2 Cal.Jur. 1027, Appeal and Error, § 611; *Medlin* v. *Spazier*, 23 Cal.App. 242, 246 [137 P. 1078]; *Poor* v. *W. P. Fuller & Co.*, 30 Cal.App. 650, 655 [159 P. 233].) ▌ In the instructions which the court had given, the trial court had directly informed the jury regarding the power of jurors to properly weigh the evidence that had been introduced. In other words it had stated the rules affirmatively. It was not bound to also state them negatively.

▌ The defendant complains also because the trial court did not give two instructions which he requested and which were worded as follows: "(a) You are instructed that there

is no duty nor obligation on the part of the defendant to produce any witnesses or present any evidence on his behalf. (b) You are instructed that there is no duty nor obligation on the part of the defendant to prove his innocence and that he has the legal right to rest upon the presumption of innocence and to require the prosecution to establish his asserted guilt beyond a reasonable doubt, as elsewhere defined in these instructions." The trial court marked on each of said requests, "Refused—covered by court." A comparison of the requested instructions with those given by the court clearly shows that they were covered by the instructions which were given.

■ The defendant sets forth some of the evidence and then he contends that it does not show how long occupancy of the automobile existed, that the defendant owned the automobile, or that the defendant was in the automobile at the time the alleged bet was placed. Those contentions are true but they are irrelevant. Such facts were neither alleged in the information, nor are they elements of the offense defined in the statute. (Pen. Code, § 337a, subd. 2.)

■ In his reply brief the defendant makes the contention for the first time that the statute has no application to the occupancy of an automobile. A similar question was involved in *People* v. *Chase*, 117 Cal.App.Supp. 775 [1 P.2d 60]. At page 778 the court said: "Appellants contend that a ship does not come within the provisions of this section of the code, relying on the rule of *ejusdem generis* to cut down the meaning of the word 'places' so as to exclude ships from its purview. Many cases are cited in which general terms have been limited by reference to preceding particular terms, but we do not deem it necessary to review them, because we can discern no genus of places broad enough to include all rooms, and buildings that might not also include ships. The word 'building' in its primary sense means merely, 'that which is built' (Webster's Dictionary), but usually indicates some sort of edifice or structure located on or affixed to land. It has been held to include a railroad car, which, while located on land, is certainly not affixed to it. (*Hardin* v. *State*, 92 Neb. 298 [138 N.W. 146]; *State* v. *Lintner*, 19 S.D. 447 [104 N.W. 205].) The word 'room' is defined to mean, 'Space inclosed or set apart by a partition; an apartment or chamber.' (Webster's Dictionary.) A room may as well be on a ship as

on shore; in fact, the spaces assigned to passengers on a ship are known as staterooms. In view of the manifest purpose of section 318 to further the suppression of gambling and prostitution, we cannot think the legislature intended to draw any fine distinctions as to the nature of the places put under its ban, and we hold that the words enumerating those places are used in their most general sense, and as so used include ships. See *Coleman* v. *State*, 13 Ala. 602, and *Dickey* v. *State*, 68 Ala. 508, holding that a steamboat or ferry-boat is a place, within the meaning of a statute prohibiting gambling in public places.'' We think the reasoning of the court in that case is directly determinative of the point which the defendant presents in this case.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 3, 1945.