74 So.2d 470

Hope DAVENPORT

v.

Clara Green CASH.

7 Div. 230.

Supreme Court of Alabama.

Aug. 30, 1950.

Scott, Dawson & Scott, Chas. J. Scott, Fort Payne, for appellant.

Leonard Crawford and C. A. Wolfes, Fort Payne, for appellee.

SIMPSON, Justice.

Proceeding by appellant under the provisions of Section 56, Tit. 19, Code 1940, seeking to condemn a right of way over the land of appellee. The probate court denied the application; and appeal was taken to the circuit court, and the application was again denied after a hearing on evidence taken ore tenus before the court. This appeal is to review the order of the circuit court.

Before a party is entitled to relief under Section 56, it must appear that he is the owner of a tract of land, no part of which is "adjacent or contiguous to any public road or highway". Appellant's petition, in substance, met this condition and the defendant's answer contained a plea of the general issue. Appellant's testimony tended to prove his allegations, but the evidence of appellee tended to show that there was a road known as the "Old Bankhead Church Road," which ran through the appellant's land and proceeded eastwardly over the appellee's land to the main highway. The evidence also tended to show that the road in question had not been used for the past seven or ten years, but the trial court viewed the premises and found that the road was a public road, and in the decree stated:

> "The road can still be used and so far as the evidence shows has not lost its characteristics as a public road. At one or two places tree tops have fallen into it, but the maintenance of the road is for the proper authorities and not this court."

 "Public road" and "highway" are terms that are common to the law but they have not been used with precision. They generally mean the same thing. Abbott v. City of Duluth, C.C.D.Minn.1900, 104 F. 833, 837. Following are some of the definitions:

> "Every thoroughfare which is used by the public, and is, in the language of the English books, 'common to all the king's subjects,' is a highway." 15 Am. & Eng. Encyc. 350.

> "To constitute it a public highway, however originating, it must be a public charge, and must of necessity have an overseer and hands to work it; bridges erected when needed, and kept in repair at the public expense." Kennedy v. Williams, 1882, 87 N.C. 6.

A highway is a thoroughfare "in which the public has a right of way or passage." Parsons v. City of San Francisco, 23 Cal 463.

> "A public road is a road dedicated to the public use, and kept up by the public; * * *." Collins v. Patterson, 119 N.C. 602, 26 S.E. 154.

The prime essentials of a highway have been said to be "the right of common enjoyment on the one hand and the duty of public maintenance on the other." Hildebrand v. Southern Bell Telephone & Telegraph Co., 1941, 219 N.C. 402, 14 S.E.2d 252, 255.

In Webster's New Twentieth Century Dictionary of the English Language (1951), we find the following:

"highway—A road used by the public; a thoroughfare; a main road."

"road—An open way or public passage * * *."

The definitions from the above decisions are taken out of context and cannot be rigidly applied to situations the court did not have in mind when they were enunciated. But it will be noted that through them all there seems to be running the general idea of a current way of public passage. It is settled in this jurisdiction, however, that a road or highway does not lose its public character by a mere nonuse for a period of less than twenty years. Harbison v. Campbell, 178 Ala. 243, 59 So. 207. It is also true that the words can have different meaning in different statutes, and the correct one in each instance is to be drawn from the context and purpose of the provision in which it is found. Napier v. State, 50 Ala. 168; Glass v. State, 30 Ala. 529.

The state of Iowa has a statute somewhat similar to our own, and it seems appropriate to consider how the courts of that state have applied it. The statute provides, in substance, that any person owning any land not having a "public or private way thereto" may condemn a public way over the land of another. Iowa Code, § 471.4 (1954), I.C.A. In the case of Carter v. Barkley, 1908, 137 Iowa 510, 115 N.W. 21, 22, the court said:

"It is undoubtedly true that, if the plaintiffs had either a public or a private way to their land, they could not maintain this proceeding; but the statute evidently does not contemplate that the owner who claims to have no

way to his land shall be compelled, before inviting the aid of the statute, to try one or more lawsuits for the purpose of finding out whether he has a way or not. The statute, in our judgment, should be construed to mean that, unless a party has a way, either public or private, which is unobstructed and unquestioned, he may institute proceedings under the statute."

Appellant cites this case as authority for the proposition that he should not be compelled to litigate the public character of the "Old Bankhead Church Road." But it must be noted that the appellant is the only one who contends that this old road is not a public one. It is a way out from appellant's land and over appellee's land, and the latter contends it is a public road.

In the Carter case, the court went on to say:

"If the defendants herein had said to the plaintiffs, 'You have a way from your land north, and we do not question your right to use it without the obstruction of gates,' a different question would be presented."

And in Strawberry Point District Fair Society v. Ball, 1920, 189 Iowa 605, 177 N.W. 697, where it was shown that an absolute private right of way was tendered to the petitioner, his right was denied. Then in the later case of Anderson v. Lee, 1921, 191 Iowa 248, 182 N.W. 380, 381, the Carter case was cited authoritatively even though the decision did hold that a ten-foot private way was not such a reasonably adequate way as would defeat the right to condemn.

The rule in the Carter case seems to us to be sound, and, though we agree with counsel for appellant that in order to discharge his burden of proving a negative, i. e., that his land is not "adjacent or contiguous to any public highway," the petitioner under our statute should not be compelled to unsuccessfully litigate every conceivable route and "ancient trailways," in the instant case, the fact that the appellant is the only party claiming that the "Old Bankhead Church Road" is not a public

road renders the way "unquestioned" within the meaning of the Carter case (we emphasize that the Bankhead Road proceeding eastwardly to the main highway traverses only the property of the appellee). We are not disposed to go beyond the Carter case and say that under our statute the public road or highway touching petitioner's land must be one that is free from physical obstruction and "reasonably sufficient for the purpose" if such were the intent of the holding in the Anderson case, supra.

In any event, such question is hardly before us, because the trial court made a finding that there was a public road reaching to appellant's land and that it could be used at present.

In our view of the case, no such showing of error is made as would justify this court in overturning the decision of the trial judge, who as the trier of facts heard the evidence in open court and viewed the locus in quo to determine the disputed issue. Mutual Service Funeral Homes v. Fehler, 257 Ala. 354(14), 58 So.2d 770; Crawford v. Tucker, 258 Ala. 658(7), 64 So.2d 411.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.