202 So.2d 740

**Laslie E. TENISON et al.**

**v.**

**Francis H. FOREHAND et al.**

**I Div. 445.**

Supreme Court of Alabama.

Sept. 14, 1967.

**380**

Diamond, Lattof & Favre, Mobile, for appellants.

Chason, Stone & Chason, Bay Minette, for appellees.

MERRILL, Justice.

This appeal is from a judgment condemning a 30-foot right of way across appellants' land to connect appellees' land with a public road and assessing damages therefor under the provisions of Tit. 19, §§ 56–58, Code 1940, as amended.

The one question presented here is the right of appellees to acquire this right of way. No point is raised as to the adequacy of the compensation set by the jury.

Appellees purchased forty acres of land adjoining and north of appellants' forty acres in January, 1965. In October, 1965, they filed the application for condemnation of a strip thirty feet wide along the west side of appellants' forty for a right of way, alleging, as required by Tit. 19, § 56, as amended, that their land was outside the corporate limits of a municipality, no part of which was adjacent or contiguous to any public road or highway and the lands intervening and lying between their lands and the public road nearest or most convenient thereto were appellants' lands.

The issue was tried in the probate court and the right of way was condemned. Appellants appealed to the circuit court and the issue of the right to condemn was heard by the trial court without a jury, and the question of damages was submitted to a jury.

The evidence showed that appellees had access to their forty by a logging road which ultimately connected with U. S. Highway No. 31. Although this logging road or trail had existed for some thirty years or more, it was undisputed that the county did not maintain it, that it was not a public road and what upkeep it received was provided by people who used the road. A paved county road touched the southwest corner of appellants' property and the right of way sought ran from the southwest corner of appellees' property south along the west line of appellants' property to appellants' southwest corner.

■ Appellants' position is that appellees knew that there was no public road leading to their property when they purchased it, that they hauled in building material to build a house over the logging road, that no one had ever forbidden them to use the logging road, and since they had a way of ingress and egress, they had no right to acquire a right of way over appellees' land.

Appellants cite two cases in support of their contention that the trial court erred in granting the right of way. One is Davenport v. Cash, 261 Ala. 380, 74 So.2d 470. In that case, "the trial court made a finding that there was a public road reaching to appellant's land and that it could be used at present." And in the other case cited— Southern Railway Co. v. Hall, 267 Ala. 143, 100 So.2d 722, we said "The Davenport case holds, in effect, that a right of way cannot be acquired under §§ 56–58, Tit. 19, supra, if the petitioner has sufficient access from his land to a public road or highway by means of either a private or public right of way; also, that if a sufficient way across defendant's land is in use by petitioner and his right to use such way is not questioned, but is recognized, by the defendant, the petitioner cannot acquire, under said statutory provisions, another right of way across defendant's land." Thus, it can be seen that the petitioner there already had a way across the adjacent owner's land and he was not entitled to choose another. Likewise, in the *Hall* case, supra, we again held that the petitioner already had an outlet, recognized by the adjacent owner, and that way was sufficient. We also said:

"The obvious purpose of the statute is to provide a means whereby a landowner, enclosed on all sides by lands of others and unable to get to his land from a public road or highway, can get relief by condemning a right of way to it across intervening land. However, if such landowner already has a reasonably adequate way to and from his land, there is no field of operation for the statute. On the other hand, if there is no reasonably adequate means of access he may acquire, as provided in the statute, 'a convenient right of way not exceeding in width fifteen (now thirty) feet over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto.' * * * "

Here, there was no public road by which petitioners could get into or off their property and the logging road was not maintained. Whenever one spot became impassable, a new trail around it was begun.

■ The trial court not only heard the evidence but viewed the premises before granting the application for the right of way. We cannot say, from our study of the evidence, that the landowners already had a reasonably adequate way to and from their land, and it is undisputed that the right of way granted was the shortest way to a public road.

■ This case is peculiarly one where the rule should be applied that where the hearing is before the judge and the witnesses testify orally before him, his findings will be sustained on appeal unless plainly erroneous or against the great weight of the evidence. Particularly in this case, where he had the advantage of viewing the premises and knowing the locale, the rule should be emphasized and we would be most reluctant to disturb his findings. Crawford v. Tucker, 258 Ala. 658, 64 So.2d 411; Davenport v. Cash, 261 Ala. 380, 74 So.2d 470. We cannot say that the trial court erred in granting the right of way.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.