253 So.2d 330

**Mildred STARNES and William J. Coleman**

**v.**

**DIVERSIFIED OPERATIONS, INCORPORATED.**

**I Div. 37.**

Court of Civil Appeals of Alabama.

June 16, 1971.

Rehearing Denied June 30, 1971.

Radney & Morris, Alexander City, for appellants.

Wyman O. Gilmore, Grove Hill, for appellee.

WRIGHT, Judge.

An action by appellee, Diversified Operations, Incorporated, was begun in the Probate Court of Clark County, Alabama, under the authority of Title 19, Section .56, Code of Alabama 1940, as amended.

Title 19, Section 56, appears as follows:

"§ 56. Right of way to public road or highway.—The owner of any tract or body of land, outside the corporate limits of a municipality, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire a convenient right of way not exceeding in width thirty feet over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto. (1919, p. 982; 1957, No. 537, appvd. Sept. 18, 1957.)"

Upon hearing in probate court, a decree was entered condemning a 20 foot right of way across the lands of appellants for use by appellee as a way of ingress and egress between its landlocked property and a public highway. Damages were assessed for the taking. Appeal by trial de novo was taken to the circuit court. Upon trial by the court without a jury, stipulation as to proper damages was entered. Trial was had solely upon the right to condemn under the statute. After hearing the evidence, judgment was entered in favor of appellee condemning a 20 foot strip across the lands of appellants, and awarding damages therefor as stipulated. It is from the judgment of condemnation that appeal is taken by appellants.

Appellee corporation owns some 190 acres of timberland which is not adjacent or contiguous to any public road or highway. The nearest public road is known as Allen Road. The land of appellant Coleman lies between that of appellee and Allen Road. At one time the land of the parties was one tract belonging to an ancestor of appellants. The property was divided among heirs, and appellee purchased from the sister of appellants. There was an old road from the land of appellee to Allen Road which had been used by appellants' ancestor. This road had fallen in disuse over the years and had never been a public road.

Permission had been sought by appellee to use this road after purchasing its land. Such use had been denied by appellants. The land of appellants condemned by the judgment included this old roadbed.

After being denied use of the old road across the land of appellants, appellee had entered into an agreement with other adjoining landowners for the right to cross their land to gain access to Allen Road. In exchange for such right of use, appellee agreed to build bridges and maintain such way, and further to grant hunting privileges on its land to relatives of the joint owners of the burdened land. There was no definite term in the agreement of use. The evidence disclosed that appellee had been denied use of this way during wet weather while it was being used for removing timber cut from appellees' land. As a result of such denial, logging operations were halted.

The evidence further indicated such right of way was so expensive to maintain because of creeks and branches to be bridged that it was prohibitive for practical use. There was evidence that the use of such way was still available to appellee, subject to being stopped as before, if grantors considered it was too wet and their land was being damaged by such use. The road sought across appellants' land was a ridge road, usable in all weather and was available for immediate use with minimal repairs and maintenance.

It is the contention of appellants that appellee had no right of condemnation under the statute because it already had a sufficient access to a public road via the right of way obtained in the agreement with the other adjoining landowners. We consider that the only question for decision on this appeal is whether the rights available to appellee under the agreement with some of the joint owners of other lands, to have a way to and from the public road, bars it from obtaining a way across the lands of appellants under the provisions of Title 19, Section 56.

Appellants cite the following cases in support of their contention that the trial court erred in granting the right of way across their lands to appellee. Southern Railway Co. v. Hall, 267 Ala. 143, 100 So. 2d 722; Davenport v. Cash, 261 Ala. 380, 74 So.2d 470; Tenison v. Forehand, 281 Ala. 379, 202 So.2d 740; Romano v. Thrower, 261 Ala. 361, 74 So.2d 235.

In the *Southern Railway* case the evidence showed that the plaintiff already had an undisputed access by a public road across the land of the railroad. Though the access available was not as convenient as that sought, the court found that petitioner had a reasonably adequate way and mere convenience or desire was not controlling.

In the *Davenport* case the court again found there was in fact a public road available for present use by petitioner to cross the defendants' land to the public highway.

In the *Tenison* case the Supreme Court affirmed the condemnation order of the trial court, though it was shown that petitioner had been using an old logging road across other property. There was evidence that the logging road was not maintained except by the users and that its course changed when it became impassable. The court stated that it could not say from the evidence that the logging road gave the petitioners a reasonably adequate way to and from their land to a public highway.

The *Romano* case did not involve any of the issues raised in this case, and is authority only for the right of condemnation by a landlocked owner.

After careful consideration of the evidence and cited authorities, we do not find error in the judgment of the court below.

Though the statute involved does not specifically state that a person owning land not having a public or private way may condemn a convenient way thereto from the nearest public highway over the lands of intervening owners, the cases of our Supreme Court appear to have so construed it. Each of the cases cited by appellant refer for authority to the case of Carter v. Barkley, 137 Iowa 510, 115 N.W. 21. Appellant has cited in brief Davenport v. Cash, supra, and quoted therefrom the following: "If the petitioner has access from his land to a public road or highway by means of either a private or a public right of way, then a right of way cannot be acquired under the statute."

There was further quoted in Davenport v. Cash, *supra*, the following from Carter v. Barkley, supra, " * * * The statute, in our judgment, should be construed to mean that, unless a party has a way, either public or private, which is unobstructed and unquestioned, he may institute proceedings under the statute."

It is without dispute in this case that petitioner could not go and come from his land to Allen Road, the nearest public highway by way of a public road. Therefore, the only point to be determined from the evidence is whether there is a reasonably adequate private right of way available to petitioner.

We view the right of way under discussion as one of permanency with such unrestricted ability of usage as reasonably necessary for the benefit, use and enjoyment of the property to be served. Nothing less could be termed reasonably adequate. The statute in this case is declarative of public policy in that the owner of land is not to

be denied use and benefit therefrom by lack of a reasonably adequate access to a public highway.

Without determining here the legal rights, if any, acquired by the instrument or agreement by which appellee achieved some access from its land to the public highway, the evidence was undisputed that there was no apparent permanency to it, as it appeared to be terminable at the will of the grantors. It further appeared from the evidence that the grantors had interfered with its use and proposed to do so in the future when it was considered damaging to the land. It appears that such instrument was not considered as having granted any easement, but merely a privilege of use subject to revocation. It is clear that the owners of the subject land did not intend to allow appellee free and continuous use of a way to its land as its needs required. We further think there was substantial evidence to support a finding by the trial judge that such way was not reasonably adequate as a means of access.

We hold the findings of the court having heard the evidence ore tenus, to be substantially supported thereby. Tenison v. Forehand, supra. We affirm its judgment.

Affirmed.