306 So.2d 286

**McGOWIN INVESTMENT COMPANY, a corporation, et al.**

**v.**

**Douglas Inge JOHNSTONE and Mary Jayne Johnstone.**

**Civ. 376.**

Court of Civil Appeals of Alabama.

Oct. 23, 1974.

Rehearing Denied Nov. 20, 1974.

Edmund R. Cannon and Jerry A. McDowell, Mobile, for appellants.

James L. May, Jr., Mobile, for appellees.

HOLMES, Judge.

Appellants, McGowin Investment Company, et al., appeal from a judgment of the Circuit Court of Mobile condemning a right of way across appellants' land to connect appellees' land with a public road and assessing damages. The above proceedings were pursuant to Tit. 19, §§ 56–58, Code of Ala.1940 as amended.

Tit. 19, § 56, Code of Ala.1940, reads as follows:

"The owner of any tract or body of land, outside the corporate limits of a municipality, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire a convenient right of way not exceeding in width thirty feet over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto."

Upon a hearing in the Probate Court of Mobile County, appellees' application for the right of way was denied and appeal

was taken to the circuit court. After a trial *de novo,* a judgment was entered by the trial judge granting appellees' application to condemn a right of way over and across the appellants' property. An appeal was then perfected to the Supreme Court of Alabama, but was dismissed because there had been no assessment of damages. The Circuit Court of Mobile County thereafter assessed the damages for the taking of the right of way at $2,966. Appeal was then taken to this court.

As we understand able and distinguished counsel for the appellants, who has favored this court with an excellent brief, the amount of damages is not in issue; the only issue as presented by the assignments of error is whether the appellees have a right to condemn.

Appellants' contention is bottomed on the premise that appellees have access from their land to a public road by means of implied way of necessity over the remaining land of their grantors and, therefore, should not be allowed access over the lands of a stranger. Appellants further contend that the appellees are not the true "owners" of the property and, therefore, have no standing to proceed under Tit. 19, § 56 et seq., Code of Ala.1940, as amended.

The record reveals that Verna and Edward Odom conveyed 180 acres to Duke and Gaston, predecessors in title to appellees' 17.5 acres, in June 1970. This 180-acre tract was composed of three stacked 40's in the east and just west thereof and adjoining a 60-acre parcel. The 180 acres conveyed to Duke and Gaston were landlocked and therefore the Odoms granted to Duke and Gaston, their heirs and assigns, a perpetual easement or right of way over an existing roadbed to Dawes Road (public highway south of the Duke and Gaston property).

Appellee Johnstone testified that during the fall of 1970 he had been looking for acreage on which to build a home; that he was first shown the Duke-Gaston land in February 1971. The parties, according to the record, bargained back and forth during the year. The sale was consummated on January 21, 1972.

Appellee made a recited down payment of $10 and executed a promissory note for $10,500, the unpaid balance. In return, appellee received 17.5 acres in the northwest corner of the 60-acre parcel bordering on land owned by McGowin. However, Duke and Gaston reserved 30-foot wide rights of way lying on the west and north boundaries of appellees' property, and therefore actually bordering on appellants' land, and running the entire distance of the conveyance.

Appellees, realizing they were landlocked, had the conveyance made from Duke and Gaston to appellees contingent on appellees getting a right of way for ingress and egress. To this end the parties agreed that whatever amount appellees had to pay on a condemnation for access over and above $400 would come off the balance of the promissory note. Also, that as long as any condemnation suit is pending, whether in trial court or on appeal, no interest accrues or is payable on the note, nor is any of the principal payable. Appellee testified that he made three monthly payments of $73 each on the note before filing suit for condemnation after his efforts to obtain a permanent, private, right of way from appellant was unsuccessful. The monthly payments have therefore been tolled since early 1972. If the condemnation suit is unsuccessful appellee can reconvey the land in cancellation of the note.

It is these conditions in the conveyance pertaining to a condemnation suit, coupled with the fact that if the suit is successful Duke and Gaston will also be able to use the right of way and therefore increase the value of their remaining land, a fact admitted at trial by Duke, that is apparently the basis of appellants' contention that appellees are not the true owners of the land, but merely agents for Duke-Gaston.

Appellees' testimony, however, is that they purchased the land to build a private home on and is in no way involved with

Duke-Gaston other than the purchase of this property.

Testimony by appellee Johnstone, Mr. Odoms and Mr. Duke as to the physical environment to be encountered for any proposed right of way south over the remaining Duke-Gaston land to the easement granted by Odoms revealed that the area contained swamps, ravines, and creeks. Appellee testified that it would require the building of three bridges and a cost of $30,000 to provide a right of way. The necessary length of the road would be ⅝ of a mile as compared to approximately 1,200 feet over appellants' land.

■ Appellees, in brief, essentially rely on Tenison v. Forehand, 281 Ala. 379, 202 So.2d 740; and Starnes v. Diversified Operations, Inc., 47 Ala.App. 270, 253 So.2d 330, the latter case having been authored by our now Presiding Judge Wright. Both of these cases, as we perceive them, are to the effect that the trial court must factually determine whether or not a condemnor has a *reasonably adequate* way to and from his lands. If the trial court does determine that the condemnor has a reasonably adequate way the statute is not applicable.

Appellants have attempted to distinguish these cases by contending that appellees here are attempting to condemn property which their grantor could not, and also that appellees in this case have a way of necessity over the land of their grantor. Neither of these facts, according to appellants' brief, was present in *Starnes, supra,* or *Tenison, supra.*

We find appellants' contention to be persuasive, but not convincing, and fail to perceive how appellants' stated distinctions affect the opinion in the aforementioned cases.

As Mr. Justice Merrill stated in *Tenison, supra,* quoting from Southern Railway Co. v. Hall, 267 Ala. 143, 100 So.2d 722:

" 'The obvious purpose of the statute is to provide a means whereby a land-owner, enclosed on all sides by lands of others and unable to get to his land from a public road or highway, can get relief by condemning a right of way to it across intervening land. However, if such landowner already has a reasonably adequate way to and from his land, there is no field of operation for the statute. On the other hand, if there is no reasonably adequate means of access he may acquire, as provided in the statute, "a convenient right of way not exceeding in width fifteen (now thirty) feet over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto." * * *' " (281 Ala. at 381, 202 So.2d at 742)

Additionally, in *Starnes, supra,* this court, through Presiding Judge Wright, said:

"Though the statute involved does not specifically state that a person owning land not having a public or private way may condemn a convenient way thereto from the nearest public highway over the lands of intervening owners, the cases of our Supreme Court appear to have so construed it. Each of the cases cited by appellant refer for authority to the case of Carter v. Barkley, 137 Iowa 510, 115 N.W. 21. Appellant has cited in brief Davenport v. Cash, supra [261 Ala. 380, 74 So.2d 470], and quoted therefrom the following: 'If the petitioner has access from his land to a public road or highway by means of either a private or a public right of way, then a right of way cannot be acquired under the statute.'

"There was further quoted in Davenport v. Cash, *supra,* the following from Carter v. Barkley, supra, ' * * * The statute, in our judgment, should be construed to mean that, unless a party has a way, either public or private, which is unobstructed and unquestioned, he may institute proceedings under the statute.' " (47 Ala.App. at 272, 253 So.2d at 332)

■ The issue to be determined is whether or not a reasonably adequate means of access exists. To this court, a way by necessity is not necessarily equivalent to a reasonably adequate means of access. The present appeal is an example.

The trial court heard the evidence *ore tenus* before granting appellees' application for the right of way. Here, in this instance, in light of the testimony as to the physical makeup of grantor's land—swamps, ravines and creeks—and the prohibitive cost involved, there was ample evidence from which the trial court could determine that appellees had no right of way over their grantor's remaining land which was unobstructed and unquestioned, or adequately reasonable.

■ While it is true that Duke-Gaston may stand to gain by indirection what they possibly could not have done directly (although we make no determination regarding this) and that their property value will increase, such collateral matters have no impact on this suit. The trial judge found that appellees were the true owners and that appellees were not acting as agents for or conspirators with any other person, firm, or corporation. There is evidence to support this conclusion even though this court might take a different view.

■ Specifically, the trial judge held in granting appellee a right of way over appellants' land that:

"Petitioners do not have a reasonably adequate right of way leading either to Hy Fields Road or to Dawes Road or to Jeff Hamilton Road, and, because of swamps, ravines, and creeks on the property owned by the petitioners' immediate predecessors in title, there is no reasonably adequate way for the petitioners leading from their tract of land southeastwardly to Dawes Road to Hy Fields Road over the remaining lands of such predecessors in title.

"The most convenient right of way, and the right of way which would result in the least damage to the condemnees, is that right of way hereinafter described in this decree."

As our supreme court indicated in *Tenison, supra,* cases of this type are ones where the applicable rule is that when the hearing is before the judge and the witnesses are before him, his findings will be sustained on appeal unless plainly erroneous or against the great weight of the evidence.

We, in this instance, cannot say the trial court was plainly erroneous or that its findings and conclusions were against the great weight of the evidence.

The judgment is therefore and accordingly affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.