HOLMES, Judge.
This is a condemnation case.
Appellants, the Tates, appeal from a judgment of the Washington County Circuit Court condemning a right-of-way across the Tates’ land and awarding damages in the amount of $2,471.
*894 The following facts are pertinent.
The appellees, the Lopers, owned certain land which is not adjacent or contiguous to any public road or highway. In accordance with § 18-3-1, Ala.Code (1975), Mr. Loper initiated proceedings to acquire a right-of-way over the Tates’ land to the public highway.
Evidence at trial showed that there were three potential routes of access to the Lop-ers’ land. The route ultimately condemned by the trial court goes across the center of the Tates’ land and is called the “old woods road.” This road had been the primary route of access to the Loper land in previous years. Apparently, the former owner of the Tate land had allowed this road to be traveled. The other two routes are along the east and west boundaries of the Tates’ property. These routes are referred to respectively as the “fire-line” and the “swamp road.”
The trial court heard evidence presented ore tenus and then made a personal inspection of the property. Thereafter, the trial court condemned a right-of-way down the center of the Tates’ property, the road known as “old woods road,” and assessed damages. The Tates appeal the condemnation and the assessment of damages.
The dispositive issues on appeal are whether the Lopers had reasonable access to Loper land without condemning a right-of-way and whether the trial court erred in assessing the Tates’ damages at $2,471.
In a case such as the one at bar, where the trial court has heard ore tenus evidence and personally viewed the property in question, the trial court’s judgment is given great weight. This proposition is succinctly stated in Tenison v. Forehand, 281 Ala. 379, 202 So.2d 740 (1967):
“This case is peculiarly one where the rule should be applied that where the hearing is before the judge and the witnesses testify orally before him, his findings will be sustained on appeal unless plainly erroneous or against the great weight of the evidence. Particularly in this case, where he had the advantage of viewing the premises and knowing the locale, the rule should be emphasized and we would be most reluctant to disturb his findings.”
(Cites omitted) 202 So.2d at 742.
The above principle of law is particularly relevant in proceedings involving condemnation under § 18-3-1, Ala.Code (1975), where the trial court must make crucial factual determinations. One of these factual determinations involves the first issue, that is, whether or not the condemnor has reasonably adequate access to and from his land.
The intent of § 18-3-1 is
“to provide a means whereby a landowner, enclosed on all sides by lands of others and unable to get to his land from a public road or highway, can get relief by condemning a right of way to it across intervening land. However, if such landowner already has a reasonably adequate way to and from his land, there is no field of operation for the statute. On the other hand, if there is no reasonably adequate means of access he may acquire, as provided in the statute, ⅛ convenient right of way not exceeding in width fifteen (now thirty) feet over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto.’ ”
Tenison v. Forehand, 281 Ala. 379, 202 So.2d 740 (1967).
As stated above, the trial court must make a factual determination of whether the condemnor has reasonably adequate access to and from his land. McGowin Investment Co. v. Johnstone, 54 Ala.App. 194, 306 So.2d 286 (1974); cert. denied, 293 Ala. 766, 306 So.2d 290 (1975). Given the presumptions accorded the trial court under the ore tenus rule, this court cannot say it was error to condemn the right-of-way granted in the present case. This is particularly so in view of the fact that the trial court personally inspected the property.
The evidence tended to show that the east and west routes to the Lopers’ land do *895 not provide “reasonably adequate” access. There was evidence that both the “swamp road” and the “fire line” are low-lying and under water much of the time. There was testimony that these routes, when wet, could not be traveled by a conventional vehicle. There was further testimony that it would cost a rather large sum to prepare either of these roads for regular travel.
Additionally, the “old woods road,” the condemned right-of-way, has been used as a means of access to the Lopers’ property for many years. This road provides drainage and water does not stand on the road. In other words, the “old woods road” is navigable when wet. There was also evidence that the “old woods road” is the best route from the Lopers’ land to the public highway.
In short, considering the presumptions accorded the trial court’s judgment, there was evidence from which it could be found that the Lopers did not have reasonably adequate access to their property, and therefore condemnation was proper. There was also evidence which supports the trial court’s determination that the right-of-way condemned is the most “convenient” and appropriate route. Hence no error.
The Tates’ next contention is that the award of damages is not supported by the evidence. We do not agree.
The area taken for the right-of-way is twenty feet wide, 1,465.3 feet long and covers approximately three-fifths of an acre. This right-of-way runs down the middle of eighty acres “cutting” the property almost exactly into two equal parts. Mr. Tate testified that he paid $500 per acre for the land the year before the condemnation proceedings.
There was testimony from several witnesses on both sides as to the damage Tate would suffer as a result of the taking. From these witnesses a range of $397.07 to $154,000 was established. Other figures in this range include $7,700 and $471. It goes without saying whose witnesses established the floor and the ceiling on this price range.
There is a long line of condemnation cases where it has been consistently held that where a verdict is returned which falls within the expert testimony, we will not reverse on the grounds that the verdict is inadequate or unsupported by the evidence. State v. Shepard, 411 So.2d 132 (Ala.1982); Dorroh v. Jefferson County, 264 Ala. 335, 87 So.2d 619 (1956). Accordingly, the award of damages in the instant case is affirmed.
The Tates also contend that condemnation is improper because there is a landowner whose land intervenes between the public highway and the Tates. In other words, the Lopers must go through the Tates’ land and then the intervening landowner’s land before reaching the highway. The Lopers have permission to cross this land on the “old woods road.” The Tates contend that the statute does not provide for condemning only a portion of the land between the public highway and the Lop-ers. The Tates also contend that because the Lopers have permission to cross the intervening land and the general public does not, the taking of the right-of-way is not subject to public use. We do not find merit in any of these contentions.
As mentioned earlier, § 18-3-1 has no field of operation where a landowner: already has reasonable access to the public highway. McGowin Investment Co. v. Johnstone, 54 Ala.App. 194, 306 So.2d 286 (1974), cert. denied, 293 Ala. 766, 306 So.2d 290 (1975). In the present case, the Lopers have permission from the intervening landowner to cross his land on the “old woods road,” the very road that runs through the Tates’ land and was condemned as a right-of-way. Obviously, the Lopers have reasonably adequate access through this land to the highway so that any attempt to condemn for a right-of-way under § 18-3-1 would appear to be futile.
In regard to the Tates’ other contentions, they rely on Harvey v. Warren, 212 Ala. 415, 102 So. 899 (1925), in support of their position. Harvey holds that once property is condemned for a right-of-way, *896 the road is for all those who can or may use it. We do not believe that principle is violated here. We are aware of no authority which would so hold. The right-of-way here condemned appears to be open to all who can or may use it. What effect the intervening land will have on the general public is beyond the scope of this appeal. The intervening landowner is not a party to this case and, from all that appears, we do not know if this situation will have any impact on the general public’s use of the condemned right-of-way.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.