BRADLEY, Judge.
This is a private condemnation case.
On May 17, 1984 the plaintiff, James E. Tew, filed a petition for private condemnation to acquire a convenient right-of-way. The petition was heard before the Probate Court of Houston County. On July 31, 1984 the probate court entered an order of condemnation and appointed appraisers to set a value for the easement. The commissioners fixed the compensation for the right-of-way at $1,000.
On August 22, 1984 the defendants, the Crabtreys, filed a notice of appeal to the Circuit Court of Houston County. The case was tried before the court without a jury and the circuit court granted the condemnation petition. The defendants’ motion for a new trial was denied and the defendants appealed.
On December 20, 1983 Lochie Tew, James Tew’s mother, divided her property among her children. Each of the children, except James Tew, was conveyed parcels of land that fronted on a public road referred to at trial as Hodgesville Road.
The property owned by James Tew adjoins the property owned by the Crabtreys. The Tew property is neither adjacent to nor contiguous to any public road or right-of-way. The Crabtrey property lies between the Tew property and an unnamed paved county road, referred to as the Jeff’s Store Road.
At the trial there were photographs admitted into evidence that showed evidence of an old roadbed that went from the paved road to Tew’s land. From the testimony of Tew and Elijah Branton, a surveyor, it was indicated that this roadbed was across the Crabtrey property.
Tew testified that to have access to his land over the land conveyed to his brothers and sisters he would have to go over land belonging to two different brothers. He further testified that this route of access would take him through a locked gate, over a pasture and some cultivated land, and over two ditches. This route would be approximately one-half mile in length, where no actual road existed. In the deeds given to the Tew children there was no right-of-way reserved for James, and, therefore, the route of access described above could be cut off at any time.
The defendants’ first contention is that section 18-3-1, Code 1975, does not apply in the instant case because Tew intentionally landlocked himself. The evidence presented at trial indicated that Lochie Tew, James Tew’s mother, divided the property according to the express wishes of her husband, who was then deceased. Therefore, Tew could not be said to have intentionally landlocked himself.
A property owner may institute a proceeding under the statute if he does not have a way of access to a public road, *728 either public or private, which is unobstructed and unquestioned. Starnes v. Diversified Operations, Inc., 47 Ala.App. 270, 253 So.2d 330 (Ala.Civ.App.1971).
In the present case the route of access which Tew might have over his brothers’ property could be cut off at any time, which made this route of access questionable and subject to being obstructed. Such a situation authorizes a proceeding by Tew to gain access to the nearest public road.
\ The Crabtreys contend that Tew should W given access over his brothers’ land and should not be allowed access over the lands of a stranger, since both Tew’s property and that of his brothers comes from a common grantor.
The statute provides in pertinent part that an owner of a tract: “may acquire a convenient right-of-way, not exceeding in width 30 feet, over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto_” § 18-3-1, Code 1975. The evidence indicated that the route of access over the Crabtrey property was the nearest and most convenient.
In McGowin Investment Co. v. Johnstone, 54 Ala.App. 194, 306 So.2d 286 (Ala. Civ.App.1974), cert. denied, 293 Ala. 766, 306 So.2d 290 (1975), this court upheld the granting of a right-of-way over a stranger’s land, rather than over the grantor’s land. The court stated, “[Tjhere was ample evidence from which the trial court could determine that appellees had no right of way over their grantor’s remaining land which was unobstructed and unquestioned, or adequately reasonable.” McGowin, supra.
We find that there was ample evidence to support the trial court’s decision to grant the 420-foot-long right-of-way along the old roadbed located on the Crab-trey property.
The defendants’ second contention is that the trial court’s judgment should be rendered void due to the fact that defendants were denied a trial by jury.
Rule 38(b) of the Alabama Rules of Civil Procedure requires that a written demand for a jury trial be made within ten days after filing the notice of appeal in a case brought to the circuit court from an inferi- or court. Rule 38(d), A.R.Civ.P., provides that if the party fails to serve a demand meeting the requirements of this rule and fails to file the demand as required by rule 5(d), then such a failure constitutes a waiver of his right to a jury trial, j
The record fails to show that timely demand for a jury trial was made within ten days of the filing of the notice of appeal, or in the defendants’ answer. We, therefore, find no error in the circuit court’s refusal to grant defendants a jury trial.
The defendants’ third contention is that it is an absolute abuse of discretion for a trial court to enter an order of private condemnation when the professional testimony is in direct conflict as to whether the legal description of the petition is accurate.
In most cases there are conflicts in the evidence presented by each side. The responsibility of resolving such conflicts lies with the trier of fact. When a trial court sits without a jury, the findings of that court will not be disturbed on appeal unless clearly erroneous or manifestly unjust. Florence v. Williams, 439 So.2d 83 (Ala.1983). Moreover, in a condemnation case the determination of the trier of fact is entitled to great weight. State v. Central of Georgia Railroad, 293 Ala. 675, 309 So.2d 452 (1975).
In the case at bar the trial court heard the testimony of the witnesses and was able to look at the maps, surveys, and aerial photos offered into evidence. Based on this evidence, we cannot say that the court’s condemnation order is clearly erroneous or manifestly unjust; consequently, we affirm the trial court’s decision.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.