This is a condemnation case.
Michael W. Gillespie, Catherine J. Gillespie, Russell E. Woolf, and Marita Dawn Woolf (petitioners), property owners, petitioned the Probate Court of Morgan County to condemn property belonging to William F. Otto (Otto) pursuant to §18-3-1, Code 1975, for use as a public road. Petitioners contended that their land was landlocked and that a portion of Otto's land was between their land and the nearest public road. Petitioners claimed that they and their predecessors in title had used this portion of Otto's land as a means of ingress to and egress from their properties for a period exceeding twenty years.
After a hearing, the probate court condemned the property and awarded Otto damages of $1000. Otto, representing himself, appealed that judgment to the circuit court. The circuit court affirmed the condemnation, and a jury awarded Otto $1800 damages. Otto appeals only the condemnation issue.
The dispositive issue on appeal is whether the petitioners should be granted the condemnation.
It is Otto's position that petitioners are barred from the acquisition of a right-of-way over his property by the existence of an unimproved right-of-way.
The probate court, after receiving conflicting evidence, found that the condemnation of Otto's property is necessary for "the uses and purposes of a public road." After receiving ore tenus evidence, the circuit court affirmed the judgment of the probate court. Where evidence is presented ore tenus, this court will not disturb a lower court's findings unless they are palpably wrong, without supporting evidence, or manifestly unjust. Pinkston v. Hartley, 511 So.2d 168 (Ala. 1987).
The law is well established regarding the relief available to a landowner who is enclosed on all sides by land of others and is unable to access his land from a public road. § 18-3-1 et seq., Code 1975. See, Southern Ry. v. Hall, 267 Ala. 143,100 So.2d 722 (1957). Although the law provides a method for the condemnation of a right-of-way across intervening land, the right to the control and use of one's property is a fundamental right, which will not be lightly disturbed. Southern Ry. The burden is on the petitioner to show that the necessity is paramount in the sense that he has no reasonably adequate outlet. Southern Ry. Many factors are to be considered. *Page 497 Southern Ry. The trial court must look to the facts to determine whether the petitioner has a reasonably adequate way to and from his land, and if he does, the condemnation statute does not apply. McGowin Investment Co. v. Johnstone,54 Ala. App. 194, 306 So.2d 286 (1974), cert. denied, 293 Ala. 766,306 So.2d 290 (1975).
We pretermit a detailed summary of the facts; however, we do note that both the probate court and the circuit court had ample evidence before them to support the determination that condemnation of the property involved was necessary. The record contains evidence from which the trial court could determine that the petitioners had no right-of-way which was unobstructed or adequately reasonable. In addition to hearing the testimony of the witnesses, the trial court had maps and surveys before it indicating that the route over Otto's property was the nearest and most convenient to a public road. In a condemnation case, the conclusion of the trial court, as the trier of fact, is entitled to great weight. Crabtrey v. Tew, 485 So.2d 726
(Ala.Civ.App. 1985).
We cannot say that the trial court erred in condemning Otto's property. Therefore, the order of condemnation is to be affirmed.
The request by each party for an attorney's fee is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.