RUSSELL, Judge.
Bobby Ray Williams and Melissa Williams (appellants) appeal from a judgment condemning a private right-of-way over their property to connect the land of John K. Deerman (appellee) with a public road and assessing damages and compensation therefor pursuant to Ala.Code 1975, §§ 18-3-1 through -3. The appellants challenge the right of the appellee to acquire this right-of-way, not the adequacy of compensation set by the jury. We affirm.
The dispositive issue is whether the trial court erred in granting the condemnation.
We note at the outset that the evidence in this matter was presented ore tenus; therefore, the judgment of the trial court will not be reversed unless it is found to be plainly erroneous and manifestly unjust. Carr v. Turner, 575 So.2d 1066 (Ala.1991).
The record indicates that the appellee filed a complaint for condemnation of a private right-of-way in the Probate Court of Bibb County. The appellants filed a motion to dismiss, stating that the appellee had failed to state a cause of action in condemnation and had failed to comply with provisions of the Alabama Code because no offer to acquire by purchase had been made and no just compensation had *382 been offered. They further stated that the appellee had access to his property. After hearing the testimony of a number of witnesses, the probate court granted the complaint and appointed commissioners to assess the damages and compensation due to the appellants. Damages and compensation were awarded in the amount of $1,000.
The appellants appealed to the circuit court. Aftér a hearing in which witnesses testified, photographs and a videotape of the Tannehill Trail were viewed by the trial judge, and the transcript of the probate court hearing was entered into evidence, the trial court entered an order authorizing the appellee to condemn a private right-of-way by eminent domain. The trial court found in pertinent part that, although the Tannehill Trail had existed for many years, the county does not maintain it, that a stream crosses it, that the roadbed is under water in at least two places, that it is an ancient trail and is not a reasonably adequate way to and from the appellee’s land. The issue of damages was heard by a jury, and the amount of damages and compensation was set at $7,000.
The appellants first contend that the trial court erred in holding that the appellee had the right to condemn because, they claim, a road going through the appellee’s property, the Tannehill Trail, is a public road and provides adequate access to and from the appellee’s property.
“The law is well established regarding the relief available to a landowner who is enclosed on all sides by land of others and is unable to access his land from a public road. Although the law provides a method for the condemnation of a right-of-way across intervening land, the right to the control and use of one’s property is a fundamental right, which will not be lightly disturbed. The burden is on the petitioner to show that the necessity is paramount in the sense that he has no reasonably adequate outlet.... The trial court must look to the facts to determine whether the petitioner has a reasonably adequate way to and from his land, and if he does, the condemnation statute does not apply.”
Otto v. Gillespie, 572 So.2d 495, 496-97 (Ala. Civ.App.1990).
The appellants presented a number of witnesses who testified that the Tanne-hill Trail had been traveled in years past to get to the homes that were in the area, that it was still used by people going hunting and fishing and by loggers, that it was used as a hiking trail by boy scouts, that the witnesses had never needed to get permission to use the Tannehill Trail, and that it was in “pretty fair shape” with one bad place. There was also testimony that the Tannehill Trail was repaired by the county commission until 1975, but that it had not been “worked” since that time.
Additional testimony revealed that a stream runs across the Tannehill Trail and a culvert directs water onto it, that a logger has received permission to cross the land of another landowner to use it, that there are signs on the Tannehill Trail posting it as private property, that it is only ten or twelve feet wide, that it is repaired by the loggers after they use it, and that the present commissioner, who has held that position for fourteen and one-half years, had never “worked” the Tannehill Trail, but that he intended to when he had time. No one was willing to testify that it was definitely a public road.
The trial court not only heard the evidence but viewed maps of the area, photographs, and a videotape of the Tannehill Trail. We cannot say that the trial court erred in finding that the appellee did not have a “reasonably adequate way to and from his land,” Otto, 572 So.2d 495, or that its findings were plainly erroneous or against the great weight of the evidence. This is particularly true in this case, where the trial judge viewed the visual evidence and it was explained to him. See Tenison v. Forehand, 281 Ala. 379, 202 So.2d 740 (1967).
The appellants next contend that the trial court erred in granting the right to condemn when, they claim, the appellee had the right of access to his land through other land which he sold prior to filing the complaint. However, the cases cited by the appellants do not support this proposition; *383 therefore, we will not consider it. Rule 28(a), Alabama Rules of Appellate Procedure; May v. State Department of Human Resources, 512 So.2d 781 (Ala.Civ.App.1987). Additionally, we find that the evidence does not support the claim that the appellee was offered a clear right of access to his property through the land that he sold.
The appellants also contend that they were denied due process because the commissioners appointed by the probate court did not hold a hearing after notice to all parties, as required by Ala.Code 1975, § 18-1A-281, and that the trial court erred in “refusing to reverse this cause because of bias or prejudice of the probate judge.” However, we note that the appellants appealed the order of condemnation and that such appeal is for a trial de novo. See Ala.Code 1975, § 18-1A-283. “Once an appeal is taken to the circuit court for a trial de novo, all errors committed in the inferior court are deemed to have been waived.” Alabama Equity Corp. v. Hall, 46 Ala. App. 143, 147, 239 So.2d 215, 218 (Ala.Civ.App.1970). In a trial de novo the whole case is considered as if there had been no prior proceedings. Hendon v. City of Florence, 417 So.2d 186 (Ala.Civ.App.1981). Therefore, since this matter was appealed for a trial de novo, we find that the above contentions cited by the appellants as error were waived.
Finally, the appellants contend that the trial court erred in failing to require the appellee to make an offer of purchase of the land to be condemned before initiating the proceeding, as required by Ala.Code 1975, § 18-1A-55, to be read in conjunction with §§ 18-1A-22 and -23. We disagree.
The evidence reveals that the appellee’s attorney wrote to the appellants offering to purchase a portion of the appellants’ land or to obtain a right-of-way across their land, thereby opening negotiations. The appellants responded that they were not willing to sell to the appellee.
Section 18-1A-55 states that an action to condemn property may not be maintained if there is a timely objection unless there has been an offer “to acquire the property on the basis of its approved offer by purchase before commencing the action.” The commentary to that section refers the reader to §§ 18-1A-22 and -23 with regard to the offer to purchase. Section 18-1A-22, which is pertinent to the contention advanced by the appellants, requires that before beginning a condemnation action, the condemnor must submit an offer to acquire the property to the owner for the full amount established by an appraisal which the condemnor believes to be just compensation. In addition, the owner must be provided with a written statement and summary showing the basis for the amount established.
Clearly, the appellee did not comply with § 18-1A-22. However, § 18-1A-20 states that §§ 18-1A-21 through -30 shall not apply to the purchase of lands under chapter 3 of title 18. Chapter 3 is titled “Acquisition of Rights-of-Way by Private Parties” and is the chapter under which the appellee proceeded to institute this action. Therefore, we find that the appellee was not required to comply with §§ 18-1A-22 and -23. Without reference to those sections, we cannot say that the trial court erred by not requiring the appellee to present to the appellants a more complete offer to purchase before commencing this action.
In view of the above, this case is due to be affirmed.
The appellants request an attorney’s fee for representation on appeal. No authority is cited which allows the award of such a fee, nor is this court aware of any. The appellee requests an attorney’s fee for representation on appeal, pursuant to Rule 38, Alabama Rules of Appellate Procedure, which allows the awarding of damages if the appeal is determined to be frivolous. Both requests are denied.
AFFIRMED.
ROBERTSON, P.J., concurs.
THIGPEN, J., not sitting.