KENNEDY, Justice.
The defendant appeals from a condemnation judgment in favor of the plaintiff, Joe-lex Corporation, Inc.
The issue is whether private condemnation proceedings are available to a property owner whose property is contiguous to an interstate highway to which he has no access.
The plaintiff owns 5.89 acres of land contiguous to and directly north of property owned by the defendant, Thomas Loveless. The property owned by the plaintiff also borders Interstate Highway 59, which in places is known as Powder Plant Road and in other places is known as Academy Drive. That portion of the highway bordering the plaintiff’s property is a limited access road. Under State Highway Department regulations, the plaintiff cannot enter or exit the interstate highway from his land. That portion of the interstate bordering the defendant’s property, however, is not a limited access road.
*229 On August 5, 1987, the plaintiff filed a petition in the probate court for a private condemnation to acquire a right-of-way across the defendant’s property. The probate court entered an order of condemnation, and the defendant, appealed to the Circuit Court of Jefferson County. Both parties moved for summary judgment. The parties stipulated that the proposed 30-foot right-of-way was the shortest route by which the plaintiff could reach the interstate highway and presented to the court the question whether the plaintiff’s land is considered “landlocked” for the purposes of § 18-3-1, Ala.Code 1975. The trial court found that although the land is actually adjacent to a public road, the plaintiff’s inability to access the road because of Highway Department regulations renders the land “landlocked.” The circuit court entered a judgment allowing the plaintiff a right-of-way over the defendant’s property and required the plaintiff to pay the defendant $13,387.45 in compensation for the right-of-way.
Section 18-3-1 provides:
“The owner of any tract or body of land, no part of which tract or body of land is adjacent or contiguous to any public road or highway, shall have and may acquire a convenient right-of-way, not exceeding in width 30 feet, over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto provided written approval is obtained from the municipal government and the planning board of such municipality.”
The obvious purpose of this statute is to provide a means whereby a landowner, enclosed on all sides by lands of others and unable to access his land from a public road or highway, can get relief by condemning a right-of-way across intervening land. However, if a landowner already has a reasonably adequate way to and from his land, then there is no field of operation for the statute. If there is no reasonably adequate means of access, he may acquire, as provided in the statute, a convenient right-of-way. Southern Ry. Co. v. Hall, 267 Ala. 143, 100 So.2d 722 (1957). “A property owner may institute a proceeding under the statute if he does not have a way of access to a public road, either public or private, which is unobstructed and unquestioned.” Crabtrey v. Tew, 485 So.2d 726, 727-28 (Ala.Civ.App.1985), cert. denied, 485 So.2d 729 (Ala.1986). The burden is on the person petitioning for a right-of-way to show that he has no reasonably adequate means of ingress and egress. Southern Ry., 267 Ala. 143, 100 So.2d 722.
In the case at bar, the plaintiff has no access to the interstate highway bordering his property because of Highway Department regulations. Although the defendant argues that the plaintiff’s land is adjacent to a public road and that therefore the statute has no field of operation, this very literal reading would defeat the obvious intent of the statute. Clearly, the plaintiff is landlocked for the purposes of § 18-3-1. The trial court correctly granted the right-of-way across the defendant’s property.
All other issues presented on appeal are without merit.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.